496 P.2d 1071 (1972)
Jay Hector MacLARTY, Plaintiff-Appellant,
v.
William K. WHITEFORD, Jr., Defendant-Appellee.
No. 70-599.
Colorado Court of Appeals, Div. I.
January 11, 1972.
Rehearing Denied February 1, 1972.
Certiorari Denied May 30, 1972.
*1072 Williams, Trine & Greenstein, William A. Trine, Morris W. Sandstead, Jr., Boulder, for plaintiff-appellant.
Sheldon, Bayer, McLean & Glasman, George M. Allen, Denver, for defendant-appellee.
Selected for Official Publication.
DWYER, Judge.
Plaintiff MacLarty brought this action against the defendant Whiteford seeking damages allegedly resulting from a defamatory letter written by the defendant to the Chief of Police of Estes Park, Colorado. The defendant in his answer alleged that the letter was a privileged communication. Thereafter, the defendant moved to dismiss the complaint. The trial court, upon the basis of the pleadings and statements of counsel, found in substance that at the time the letter was written plaintiff was seeking a liquor license from the Town of Estes Park; that the Chief of Police of Estes Park was making inquiries on behalf of the Estes Park City Council in connection with plaintiff's application for a liquor license; and that the letter in question was written by the defendant in direct response to one of these inquiries. The trial court concluded that the letter in question, although libelous per se, was an absolutely privileged communication and granted the defendant's motion to dismiss the complaint. Plaintiff then filed this appeal.
The factual basis of the trial court's judgment is not questioned on appeal. The issue is whether the court erred in ruling that the defamatory letter written by defendant was an absolutely privileged communication.
The general rule is that communications made in the course of judicial proceedings, even though they are made maliciously and with knowledge of their falsity, are absolutely privileged if they bear a reasonable relationship to the subject of inquiry. 50 Am.Jur.2d Libel and Slander § 231 states:
"The reason underlying this doctrine is that public interest in the freedom of expression by participants in judicial proceedings, uninhibited by risk from resultant suits for defamation, is so vital and necessary to the integrity of our judicial system that it must be made paramount to the right of the individual to a legal remedy where he has been wronged thereby."
This rule of "absolute privilege" has frequently been extended to communications made to various licensing agencies in connection with the application for the issuance or renewal of a license where it appeared that the agency in question carried out investigations and held hearings in order to perform its functions properly. Annot., 45 A.L.R.2d 1296. See also Rainier's Dairies v. Raritan Valley Farms, 19 N.J. 552, 117 A.2d 889; J. D. Construction Corp. v. Isaacs, 95 N.J.Super. 122, 230 A.2d 168. In Lininger v. Knight, 123 Colo. 213, 226 P.2d 809, our Supreme Court held that an unsolicited petition sent to a Board of County Commissioners in connection with the revocation of a liquor license fell within the class of absolutely privileged communications.
Under the provisions of 1965 Perm.Supp., C.R.S.1965, 75-1-5(1) (c), the liquor licensing authority has a duty to *1073 consider the character and reputation of the applicant. In the instant case, the letter in question was written by the defendant in direct response to an inquiry made on behalf of the liquor licensing authority and concerned plaintiff's character and reputation. Under these circumstances, the letter fell within the class of absolutely privileged communications, and the trial court was correct in so ruling.
The judgment is affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.