**DEPARTMENT OF ADMINISTRATION, Plaintiff-Appellee,**

v.

**STATE PERSONNEL BOARD OF the STATE of Colorado, and Jack McLaughlin, Defendants-Appellants.**

No. 84CA0165.

Colorado Court of Appeals, Div. II.

Decided Jan. 10, 1985.

Rehearing Denied Feb. 7, 1985.

Certiorari Denied Aug. 19, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard Forman, Sol. Gen., Ruthanne Gartland, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

Mangan & Katz, Lawrence Katz, Denver, for defendants-appellants.

VAN CISE, Judge.

Defendants, State Personnel Board (board) and Jack McLaughlin, the director of the physical plant maintenance section of plaintiff Department of Administration (department), appeal the judgment of the district court reversing the board's decision not to discipline McLaughlin for statements made about a fellow employee at a meeting held to investigate misconduct charges against McLaughlin. We reverse.

On July 27, 1981, McLaughlin attended a meeting called by his immediate supervisor pursuant to State Personnel Rule 7–3–1. The 7–3–1 meeting was held to investigate matters mentioned in a report prepared by the Colorado Bureau of Investigation (C.B.I.) which contained allegations by a former secretary of McLaughlin's to the effect that McLaughlin had destroyed or removed back-up records of estimates pertaining to certain controlled maintenance projects to obscure the fact that he had submitted inflated funding requests and had improperly reduced his inventory supplies. The meeting was also attended by the department internal auditor, the department personnel officer, and the former secretary.

The C.B.I. report was read to McLaughlin. He responded that the absence of back-up data to support his funding requests was caused by "sloppy record keeping and filing" on the part of the former secretary. He also stated that she was having a "little affair" with another department employee, and that they had submitted information to the C.B.I. in retaliation for McLaughlin's demotion of the other employee.

The next day, the former secretary filed a written complaint concerning McLaughlin's remarks at the 7–3–1 meeting. McLaughlin refused to apologize to her for his remarks concerning her inaccurate record keeping. He did withdraw his reference to the "little affair." On July 29, his supervisor held another 7–3–1 meeting, with McLaughlin only, concerning the comments regarding his former secretary which he had made at the previous meeting. On that day, because of those remarks, the supervisor took disciplinary action against him, imposing an immediate suspension without pay for a 15-day period.

Claiming (1) that it was improper to hold a 7–3–1 meeting with other persons present and (2) that his statements bore a reasonable relationship to the subject of the hearing and were, therefore, absolutely privileged, McLaughlin appealed to the board. The matter was assigned to a hearing officer. After an evidentiary hearing, the hearing officer rejected both claims and upheld the suspension.

The decision of the hearing officer was appealed to the board. It held that the presence of employees other than the supervisor and the employee who may be disciplined is not permitted under Rule 7–3–1 and that the statements made by McLaughlin were privileged. Accordingly, it reversed the decision of the hearing offi-

cer and ordered reimbursement in full for the suspension.

The district court reversed the decision of the board on these issues, and reinstated the decision of the hearing officer. This appeal followed.

### I.

The board and McLaughlin contend that the district court erred in finding that a Rule 7–3–1 meeting is not closed to all persons except the appointing authority and the employee. They argue that the board's, and not the district court's, interpretation was the correct one. We agree.

Rule 7–3–1 then in effect stated:

*"Appointing Authority to Meet with Employee Involved.* When information received by the appointing authority indicates the possible need to administer disciplinary action, he shall meet with the employee involved, present the information that has come to his attention, and give the employee an opportunity to admit or present information regarding mitigating circumstances.

(A) It is not intended that this meeting constitute a formal hearing but only an opportunity for parties to meet and exchange information. Formal hearings to consider disciplinary actions are provided for in Chapter 8 of these Rules.

(B) If the employee wishes, he may submit a written explanatory statement to the appointing authority which shall be attached to and kept with each copy of the disciplinary action."

As to whether persons other than the appointing authority and the employee involved should or may be present, the board interpreted the rule as follows:

"The Rule 7–3–1 meeting is designed to allow the employee an opportunity to refute the charges against him or to present mitigating circumstances. It is meant to be an open discussion between the employee and his supervisor prior to any decision to discipline being made. The board believes that the presence of other employees at 7–3–1 meetings is not appropriate, as it does not allow the em-

ployee an opportunity to meet solely with his supervisor and may adversely affect the employee."

■ "An administrative agency's construction of its own rule is generally entitled to great weight; consequently, such construction will not be disturbed upon review unless it is plainly erroneous or inconsistent with such rule or the underlying statute." *Timberline Sawmill & Lumber, Inc. v. Industrial Commission,* 624 P.2d 367 (Colo.App.1981). *See also Van Pelt v. State Board for Community Colleges,* 195 Colo. 316, 577 P.2d 765 (1978); *Schneider v. Industrial Commission,* 624 P.2d 371 (Colo.App.1981); *Morrison & Morrison, Inc. v. Secretary of Labor,* 626 F.2d 771 (10th Cir.1980). This is especially true where, as here, the rule was adopted pursuant to an explicit provision in the state constitution granting to the board the power to promulgate rules applicable to this situation. *Timberline, supra. See* Colo. Const. art. XII, §§ 13(8) and 14(3).

■ The subject rule provides for the appointing authority to "meet with the employee involved." It specifies that this is not intended to be "a formal hearing but only an opportunity for parties to meet and exchange information." The board's interpretive conclusion that the presence of others in a 7–3–1 meeting is inappropriate is not inconsistent with the language of the rule, nor with the constitutional language under which the rule was promulgated. Accordingly, we approve and adopt the board's interpretation.

### II.

We also agree with the contention of the board and McLaughlin that McLaughlin's remarks concerning his former secretary's conduct were privileged and that disciplinary action based thereon was improper.

■ Generally, statements made in the course of judicial or quasi-judicial proceedings, even if the remarks are false or defamatory and made with knowledge of their falsity, are absolutely privileged if

they bear some relation or reference to the subject of the inquiry. *Restatement (Second) of Torts* §§ 587 and 588 (1977). *See MacLarty v. Whiteford*, 30 Colo.App. 378, 496 P.2d 1071 (1972). This rule is applicable to hearings before administrative agencies. *Lininger v. Knight*, 123 Colo. 213, 226 P.2d 809 (1951); *MacLarty, supra.*

Here, McLaughlin's statements were made before the deputy director of an administrative agency conducting an official hearing, and related to the subject of the inquiry. His former secretary had instigated the charges, and his statements were made to attack her credibility and to defend himself. McLaughlin stated that he had no data to support his defense to the charges because of the secretary's poor record keeping. McLaughlin's reference to the "little affair" between the secretary and an employee demoted by McLaughlin was uttered to show that she had a grudge against him, and this reflected on the credibility of her charges.

As stated by the board in its decision: "In order to encourage a free and open discussion between an employee and his supervisor, the employee's 'defense' or comments should be privileged. Discipline based solely on comments an employee makes would have a definite chilling effect on the 7–3–1 meeting."

The judgment of the district court is reversed, and the cause is remanded for the entry of a judgment affirming the order of the State Personnel Board setting aside the suspension and ordering that McLaughlin be reimbursed in full for his suspension.

BERMAN and KELLY, JJ., concur.