**Jack McLAUGHLIN,
Complainant-Appellant,**

**v.**

**Alan Y. LEVINE, the Department of Administration of the State of Colorado, and the Colorado State Personnel Board, Respondents-Appellees.**

**No. 85CA0092.**

Colorado Court of Appeals,
Div. III.

Sept. 4, 1986.

Mangan & Katz, Lawrence Katz, Denver, for complainant-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maurice G. Knaizer, Asst. Atty. Gen., Denver, for respondents-appellees.

VAN CISE, Judge.

Complainant, Jack McLaughlin (employee), appeals the order of the respondent Colorado State Personnel Board (board) upholding the decision of the hearing officer dismissing employee from his certified position in the Colorado civil service system. We affirm.

The hearing officer's findings of fact, adopted by the board, are not challenged by employee. They are summarized below.

Employee was director of the Capitol Complex Division of the Department of Administration (employer) from March 1977 until his dismissal May 7, 1982. An internal audit in 1980 uncovered serious management problems in the division. The audit was referred to the Colorado Bureau of Investigation (CBI) which issued a report showing deficiencies in inventory control, purchasing, and surplus property management.

Employee was issued a corrective action letter in January 1981, putting him on probation until August 31, 1981. This letter was based on his having falsified closing inventory, having material on hand not properly accounted for, having improperly disposed of state property, having overstated project estimates, having permitted employees to take surplus state materials, and having refused to accept responsibility for the operations of his division, plus his having engaged in inconsistent and arbitrary application of personnel leave policies, and having failed to establish communication procedures. One month later, employee's immediate supervisor, defendant Alan Levine, deputy director of employer, sent another corrective action letter to employee advising him that his performance remained substandard.

Employee's division was divided April 1, 1981, with employee heading the section charged with maintaining the capitol complex's major equipment. A notice of continued below-standard performance was issued in June 1981, specifying seven problem areas and serving as a corrective action for failure to comply with standards of efficient service or competence since January 1981.

In July 1981, another CBI report showed employee continued to falsify reports and to use inventory improperly. A meeting was held to investigate the matters pursuant to 4 Code Colo.Reg. 801–1, Rule 7–3–1. As a result, employee was suspended by his supervisor, but that decision was overturned on procedural grounds in *Department of Administration v. State Personnel Board*, 703 P.2d 595 (Colo.App.1985).

On August 31, 1981, employee received another corrective action letter and notice of substandard performance. Levine noted that the corrective action issued in January 1981 would remain in effect until April 30, 1982.

On April 27, 1982, employee received a letter notifying him of another Rule 7–3–1 meeting to be held April 29. The main purpose of this meeting was for Levine to determine the final disposition of the August 1981 corrective action. Among the topics for discussion were the problems with the computer which controlled the heating, air conditioning, and ventilating system and which had been largely inoperative since August 1981, several service call bills which had gone unpaid, and 200 thermostats which had been set higher than the governor's ordered 68° F. As a result of this meeting, employee received a letter, dated April 30, 1982, notifying him of his dismissal.

On administrative appeal, the hearing officer upheld employer's decision to dismiss employee. The matter was appealed to the board, which affirmed the hearing officer's decision.

## I.

In his petition for review and in his briefs in this court, employee claims he was

denied his due process rights because the hearing officer and board based their affirmation of his dismissal on information not contained in the dismissal letter. We do not agree.

The hearing officer incorporated by reference the dismissal letter of April 30, 1982, which summarizes employee's misconduct prior to the August 1981 corrective action and his subsequent misconduct including letting an energy-saving computer remain malfunctioning for five to six months. By incorporating this document, the hearing officer adopted the grounds set forth in Levine's dismissal letter as the basis for finally dismissing employee. Because no transcript was ordered by employee, the board's review was limited to the findings of fact made by the hearing officer and the exhibits in the record. The hearing officer found, based on all the evidence, there was sufficient evidence to warrant disciplinary action. After review, we agree that the record supports the hearing officer's and board's decisions, and they will not be overturned on appeal. *Mitchell v. Charnes*, 656 P.2d 719 (Colo.App.1982).

## II.

Employee next contends he was improperly terminated because the hearing officer's findings of fact were the subject of prior corrective actions. We do not agree.

Prior conduct may be considered to determine the penalty to be imposed if disciplinary action is found to be warranted. 4 Code Colo.Reg., Rule 7–3–1 provides:

"The decision to administer corrective or disciplinary action shall be governed by the nature, extent, seriousness and effect of the act, error, or omission committed; the type and frequency of previous undesirable behavior; the period of time that has elapsed since a prior offensive act; any mitigating circumstances; and the necessity of impartiality in relations with employees."

In his August 31, 1981, corrective action letter, Levine warned employee that the corrective action remained in effect until April 30, 1982, and that disciplinary action would be taken in the event another serious violation occurred. That is precisely what happened.

## III.

Employee lastly claims the April 27 letter telling him about the forthcoming Rule 7–3–1 meeting failed to tell him that he would have to defend himself against matters in addition to the problems with the building computer and thermostats which ultimately led to his dismissal. We do not agree. That letter referred to the incidents which occasioned the August 1981 corrective action and indicated that Levine had to decide what final disposition he had to make to that corrective action. References in the April 27 notice letter to the problems with the building computer and thermostats were only examples of the basic problem of substandard performance. Employee had adequate notice.

Order affirmed.

KELLY and METZGER, JJ., concur.