**Barbara MAYBERRY,
Complainant-Appellant,**

v.

**UNIVERSITY OF COLORADO HEALTH SCIENCES CENTER and the State Personnel Board, Respondents-Appellees.**

**No. 85CA1469.**

Colorado Court of Appeals,
Div. II.

Feb. 19, 1987.

As Modified on Denial of Rehearing
April 9, 1987.

Mullarkey & Seymour, Mary J. Mullarkey, Denver, for complainant-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Gregory K. Chambers, Asst. Atty. Gen., Ted D. Ayres, Ben A. Rich, Rosemary Augustine, Kathleen Mills, Sp. Asst. Attys. Gen., Denver, for respondents-appellees.

BABCOCK, Judge.

Barbara Mayberry appeals the decision of the State Personnel Board (Board) reversing its hearing officer's award of attorney fees and costs in connection with the successful appeal of her termination. We set aside the order.

Mayberry was a food service worker at the University of Colorado Health Sciences Center (University). In March 1985, she was terminated after an alleged altercation with a coworker. Prior to her termination, a meeting was held pursuant to State Personnel Board Rule 7–3–1, 4 Code Colo. Reg. 801–1, then in effect. Present at the meeting were Mayberry, her appointing authority, two other supervisors in Mayberry's department, and the other employee involved in the altercation.

Mayberry appealed her termination to the Board and, shortly before the hearing, retained counsel. At the hearing, Mayberry moved for dismissal of the termination proceeding on the ground that the Rule 7–3–1 meeting was improperly conducted under this court's holding in *Department of Administration v. State Personnel Board*, 703 P.2d 595 (Colo.App.1985), because of the presence of persons other than Mayberry and her appointing authority. She also sought attorney fees and costs

pursuant to § 24–50–125.5(1), C.R.S. (1986 Cum.Supp.), which provides, in pertinent part:

"Upon final resolution of any proceeding related to the provisions of this article, if it is found that the personnel action from which the proceeding arose or the appeal of such action was instituted frivolously, in bad faith, maliciously, or as a means of harassment or was otherwise groundless, the employee bringing the appeal or the department, agency, board, or commission taking such personnel action shall be liable for any attorney fees and other costs incurred by the employee or agency against whom such appeal or personnel action was taken...."

The hearing officer determined that the Rule 7–3–1 meeting had not been conducted in accordance with the law as set forth in *Department of Administration v. State Personnel Board, supra,* and concluded that Mayberry's termination was invalid. Mayberry was ordered reinstated to her former position with full back pay. In addition, the hearing officer found that, in failing to conduct the meeting properly, the University had acted in bad faith within the meaning of § 24–50–125.5(1), and that Mayberry was entitled to attorney fees and costs under that section.

Mayberry's reinstatement was not appealed, but the University appealed the award of attorney fees to the Board, which reversed that part of the hearing officer's ruling. The Board stated that it considered the ruling in *Department of Administration v. State Personnel Board, supra,*

"[T]o be limited to its facts, it is not tantamount to a blanket ruling that, as a matter of law, all 7–3–1 meetings must be limited to the employee and the appointing authority or that awards of attorneys fees and costs automatically follow if a proceeding under Rule 7–3–1 is found to be procedurally deficient."

It also concluded that there had been no evidentiary showing of bad faith sufficient to justify the award.

■ Mayberry contends that the Board abused its discretion in reversing the hearing officer's award because the University acted in bad faith in failing to comply with the law when it knew or should have known of the decision in *Department of Administration v. State Personnel Board, supra.* We agree.

The University was bound by the Board's interpretation of Rule 7–3–1 and by our holding in *Department of Administration v. State Personnel Board, supra.* In that case, the Board maintained that a Rule 7–3–1 meeting had been improperly conducted by the Department of Administration because of the presence of persons other than the appointing authority and the employee. As stated there, the Board interpreted the rule as follows:

"The Rule 7–3–1 meeting is designed to allow the employee an opportunity to refute the charges against him or to present mitigating circumstances. It is meant to be an open discussion between the employee and his supervisor prior to any decision to discipline being made. The board believes that the presence of other employees at 7–3–1 meetings is not appropriate, as it does not allow the employee an opportunity to meet solely with his supervisor and may adversely affect the employee."

In the *Department of Administration* decision we determined that the Board's interpretation of the rule was not inconsistent with the language of the rule, nor with the constitutional language under which the rule was promulgated. *See* Colo. Const. art. XII, § 14(3). Accordingly, we approved the Board's interpretation of Rule 7–3–1. *See Department of Administration v. State Personnel Board, supra.*

■ The Board's interpretation of its rule, as approved by this court, had the force and effect of law, and was therefore binding upon the University. *See Oil Shale Corp. v. Morton,* 370 F.Supp. 108 (D.Colo.1973).

■ We now turn to the question whether the University's failure to follow Rule 7–3–1 constituted bad faith justifying an award of attorney fees and costs pursuant to § 24–50–125.5(1). Under the circumstances of this case, we hold that it did.

"Bad faith," as a basis for awarding attorney fees, has been defined as including:

"[C]onduct which is arbitrary, vexatious, abusive, or stubbornly litigious. It also may include conduct aimed at unwarranted delay or disrespectful of truth and accuracy."

*Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984).

The University maintains that its failure to follow proper procedure under Rule 7–3–1 was not in bad faith because the appointing authority who conducted the hearing was unaware of the decision in *Department of Administration v. State Personnel Board, supra,* and that noncompliance was thus inadvertent. We reject this argument as both frivolous and groundless.

■ The contention is frivolous because, as the hearing officer found, the opinion was available at least one month prior to appellant's Rule 7–3–1 meeting, and the University has not demonstrated excusable neglect in failing to become advised of the decision. *See Plaisted v. Colorado Springs School District No. 11,* 702 P.2d 761 (Colo.App.1985) ("excusable neglect" is result of unavoidable hindrance or occurrence, not in consequence of carelessness). It is also groundless because, as the hearing officer found, the University's representative admitted at the hearing that it was aware of the decision in *Department of Administration v. State Personnel Board, supra,* but on advice of counsel chose to disregard it. This declaration constituted a judicial admission, and was thus conclusive on the party making it. *See Kempter v. Hurd,* 713 P.2d 1274 (Colo. 1986).

■ Since the University did not provide a transcript of the hearing for its appeal before the Board, the hearing officer's findings are presumed to be supported by the evidence, and are thus binding on review. *See White v. Jackson,* 41 Colo.App. 433, 586 P.2d 243 (1978); *see also* State Personnel Board Rule 10–10–3(B), 4 Code Colo.Reg. 801–1; § 24–4–105(15), C.R.S. (1982 Repl.Vol. 10).

Furthermore, we hold that, as a matter of law, the University's deliberate disregard of a State Personnel Board Rule as approved by this court constituted bad faith. *See Stup v. Bolger,* 578 F.Supp. 1394 (E.D.Va.1984) (employee awarded attorney fees where employer acted in bad faith by enforcing rule that had been judicially disapproved). Such behavior is arbitrary, abusive, and vexatious. *See Western United Realty, Inc. v. Isaacs, supra.*

Accordingly, because willful disregard of the law is bad faith *per se,* the Board erred in holding that an evidentiary proceeding was required to show bad faith sufficient to justify an award of attorney fees, and in reversing the hearing officer's order awarding attorney fees and costs pursuant to § 24–50–125.5(1). And, because the University's appeal of the hearing officer's order was equally frivolous, groundless, and in bad faith, the Board erred in failing to award Mayberry attorney fees and costs pursuant to § 24–50–125.5(1) for expenses incurred in that appeal.

■ We also hold that the Board acted arbitrarily and capriciously in attempting to change its interpretation of Rule 7–3–1 without resort to the formal rule-making procedure of § 24–4–103, C.R.S. (1982 Repl. Vol. 10). Although an administrative agency is vested with the power to alter its own rules, it must do so without being arbitrary or unreasonable. *See Oil Shale Corp. v. Morton, supra; Tosco Corp. v. Hodel,* 611 F.Supp. 1130 (D.Colo.1985).

Because the Board was without grounds for its action, Mayberry is entitled, pursuant to § 24–50–125.5(1), C.R.S. (1986 Cum. Supp.) to attorney fees and costs on appeal.

The order is set aside, and the cause is remanded to the State Personnel Board with directions to reinstate the hearing officer's order awarding attorney fees and costs to Mayberry, and with further directions that the University reimburse her for reasonable attorney fees and other costs incurred in the prosecution of this appeal before this court and the State Personnel Board.

SMITH and TURSI, JJ., concur.