**Wenceslaus DIAS, M.D.,
Plaintiff-Appellant,**

v.

**The STATE of Colorado, DEPARTMENT
OF INSTITUTIONS, Dr. Frank Traylor,
Executive Director, Department of In-
stitutions, James A. Stroup, State Con-
troller, Haydee Kort, M.D., Superinten-
dant, Colorado State Hospital, Defend-
ants-Appellees.**

No. 85CA1414.

Colorado Court of Appeals,
Div. I.

June 25, 1987.

Gene L. Brietenbach, P.C., Gene L. Briet-
enbach, Pueblo, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., Carolyn Lievers, Asst.
Atty. Gen., Denver, for defendants-appel-
lees.

METZGER, Judge.

Plaintiff, Wenceslaus Dias, M.D., appeals
a judgment of the district court affirming
the State Controller's denial of cash pay-
ments for plaintiff's overtime work. We
affirm.

On January 2, 1980, plaintiff began
working at the Colorado State Hospital as
the only full-time surgeon on staff. From
January to June of 1980, he worked 1,693
hours overtime, on an on-call basis. He
was given to understand by his supervisors
that he would be allowed to take compensa-
tory time or would be given other compen-
sation for working overtime.

After another surgeon was hired on June
30, 1980, plaintiff attempted but was un-
able to use all of his compensation time,
and had 1,276 hours remaining when his
employment at the State Hospital ended.
Consequently, he sought a cash payment in
lieu of compensatory time. When payment
was denied, he filed a grievance under the
Fiscal Rules of the State of Colorado. The
State Controller denied this request on Feb-
ruary 25, 1985, and that decision was af-
firmed by the district court.

Plaintiff asserts that the decision of the
State Controller refusing to pay him over-
time, lacks a rational basis, is arbitrary and
capricious, unconscionable, and constitutes
an abuse of discretion. Thus, he argues,
the district court's affirmance of the denial
of his compensation was error. We dis-
agree.

In order to set aside a decision by
an administrative agency on the basis that
it is arbitrary and capricious, the reviewing
court must find that there is no competent
evidence supporting the agency's decision.
*Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560
(1978). The reviewing court may not sub-
stitute its own discretion for that reposed
by statute in another tribunal. *St. Luke's
Hospital v. Colorado Civil Rights Com-
mission,* 702 P.2d 758 (Colo.App.1985).

Here, the record shows that the State
Controller found plaintiff to be an employ-
ee "exempt" from receiving cash payment

for overtime work in accordance with State Fiscal Rules Chapter 2, §§ 1.30.01 and 1.12.07 and § 24–30–202(18)(e), C.R.S. (1982 Repl.Vol. 10). Plaintiff does not contest this determination of his classification.

State Fiscal Rule 2.40 provides guidelines for resolving an exempt employee's claim resulting from overtime work performed:

"The salary level of employees who are exempt from overtime pay takes into account that it may be necessary for the employee to work a reasonable amount of overtime. However, there may be unusual situations in which an 'exempt' employee is required to work significant amounts of overtime for an extended period of time.

In such an event, the department executive director may grant compensatory time off to an exempt employee. Such time off shall not exceed one hour off for each hour of overtime worked."

See also § 24–30–202(18)(e)(II), C.R.S. (1982 Repl.Vol. 10).

■ Thus, as an exempt employee, plaintiff may have been entitled to compensatory time, but was not entitled to cash payment for overtime he worked. We recognize that because plaintiff is no longer employed by the State Hospital he cannot take compensatory time as provided in the Fiscal Rules; however, there is no authority for awarding him a cash payment.

Accordingly, because the record contains competent evidence supporting the Controller's decision, and because there exists no rule or statute which would authorize a different result, we conclude that the Controller's refusal to authorize payment for overtime work was not arbitrary or capricious. Therefore, the judgment of the district court was correct.

Because this appeal is neither frivolous nor groundless, we decline to award attorney's fees as requested by defendants.

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.