**Rodell JOHNSON,
Complainant–Appellant,**

v.

**The COLORADO DEPARTMENT OF IN-
STITUTIONS and Colorado State Per-
sonnel Board, Defendants–Appellees.**

**No. 86CA0971.**

Colorado Court of Appeals,
Div. III.

Jan. 28, 1988.

Rehearing Denied March 3, 1988.

Certiorari Denied June 13, 1988.

Barry D. Roseman, Denver, for complainant-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carolyn Lievers, Asst. Atty. Gen., Denver, for defendants-appellees.

STERNBERG, Judge.

Rodell Johnson appeals the decision of the Colorado State Personnel Board (Board) in which it reversed an order of its hearing officer that had rescinded a corrective action taken by the Colorado Department of Institutions against Rodell, its employee. We reverse the order of the Board.

In June 1984, Johnson was given a notice of corrective action and was transferred laterally to another position at the same pay. He filed a grievance which was denied. Johnson then sought review before the Board. After a hearing, a Board hearing officer determined that the corrective action "rested on only one finding of fact, and this finding was neither proved at hearing nor investigated by the appointing authority in his consideration of the grievance." The hearing officer concluded that the appointing authority had acted arbitrarily and capriciously in refusing to rescind the corrective action, and therefore, he ordered the corrective action to be rescinded and removed from Johnson's personnel file.

The Department of Institutions sought review of the hearing officer's ruling and Johnson petitioned the Board for his attorney's fees.

The Board adopted the hearing officer's findings of fact. However, the Board ordered that the corrective action "be expunged from [Johnson's] file on the second anniversary of the date of this board decision, provided his performance is such that no additional corrective or disciplinary action need be taken during the two years." Johnson's motion for attorney fees was denied.

Johnson contends on appeal that the Board erred in refusing to rescind the corrective action. We agree.

The Board's failure to affirm the rescission of Johnson's corrective action after adopting and affirming the hearing officer's findings of facts was arbitrary and capricious. There being no factual basis for any corrective action, it was error for the Board to allow the corrective action to remain in Johnson's file for *any* length of time. *See Mayberry v. University of Colorado Health Sciences Center,* 737 P.2d 427 (Colo.App.1987).

Because the Board was without grounds for its action, Johnson is entitled, pursuant to § 24–50–125.5(1), C.R.S. (1987 Cum. Supp.), to attorney fees and costs on appeal.

The order is set aside, and the cause is remanded to the Board with directions to reinstate the hearing officer's order, and with further directions that the Department of Institutions reimburse Johnson for reasonable attorney fees and other costs incurred in the prosecution of this appeal before this court and the Board.

TURSI and BABCOCK, JJ., concur.