**Joseph BRYANT, Plaintiff–Appellee,**

v.

**CAREER SERVICE AUTHORITY and Career Service Board, Defendants–Appellants.**

**No. 87CA0053.**

Colorado Court of Appeals, Div. III.

June 30, 1988.

Barry D. Roseman, Denver, for plaintiff-appellee.

Stephen H. Kaplan, City Atty., John R. Palermo, Asst. City Atty., Denver, for defendants-appellants.

HUME, Judge.

Defendants, Career Service Authority and Career Service Board, appeal the district court order to reallocate the position of plaintiff, Joseph Bryant. We reverse.

Plaintiff's responsibilities and duties as stockkeeper for the Denver Department of Public Works were somewhat changed, and he sought to have his position reallo-cated to a higher job classification. After a hearing, the hearing officer found that although plaintiff performed numerous duties outside of his job class, reallocation was not warranted because he did not spend more than 50% of his time on those duties. Defendants affirmed the hearing officer's decision. The district court reversed, finding that "significant changes" had occurred in plaintiff's position and it should be reallocated.

Defendants contend that their decision was not arbitrary and capricious. Defendants argue that the board properly interpreted its own rules concerning reallocation. We agree.

The rules provide that a position "may be reallocated" where, among other conditions, "significant changes have occurred in the level of duties and responsibilities of the position, rather than changes in the performance of the incumbent." Denver Career Service Personnel Rule 7-66(b)(1). The term "significant changes" is not defined in the rule. The agency's interpretation of the rule should be given great weight unless plainly erroneous or inconsistent with the rule. *Department of Administration v. State Personnel Board,* 703 P.2d 595 (Colo.App.1985).

Here, while the rule does not expressly require that more than 50% of the employee's time be spent on new duties, that interpretation is not inconsistent with the common meaning of significant changes. Therefore, the district court erred in reversing the agency's decision and substituting its discretion for that of the agency. *See Saint Luke's Hospital v. Colorado Civil Rights Commission,* 702 P.2d 758 (Colo.App.1985).

We need not reach defendants' argument concerning the timeliness of the complaint in district court.

The judgment is reversed.

STERNBERG and METZGER, JJ., concur.