Ann **SHABALL,** Complainant–Appellant,

v.

**STATE COMPENSATION INSURANCE AUTHORITY,** Department of Labor and Employment and the State Personnel Board, Respondents–Appellees.

No. 88CA1242.

Colorado Court of Appeals, Div. IV.

Feb. 22, 1990.

As Modified on Denial of Rehearing July 5, 1990.

Certiorari Denied Oct. 22, 1990.

by respondent, State Compensation Insurance Authority, and which denied her request for attorney fees. We affirm.

On August 21, 1986, an employee of respondent in Pueblo suffered an injury that was compensable under the Workmen's Compensation Act. That claimant's case was assigned to Kathy McKenna, one of Shaball's co-employees in the Denver office of respondent, which is an insurer of workmen's compensation claims.

On July 16, 1987, McKenna received a packet of claims from a Pueblo clinic for services allegedly rendered claimant for her injury. McKenna determined that these claims were not compensable and placed a memo to that effect in claimant's file. Nevertheless, while McKenna was on vacation, Shaball, who worked with McKenna in respondent's office, caused the claims to be paid.

When Shaball's supervisors learned of this payment, they conducted an investigation which disclosed that claimant, a former co-employee of Shaball, was desperate for assistance in paying the bills because they had been turned over to a collection agency and she was very ill. Claimant and Shaball had several communications regarding the payment of these bills. During the investigation, Shaball made statements that her supervisors subsequently determined to be inaccurate or false.

Subsequently, a second set of medical bills were submitted by claimant which, according to the testimony, were clearly unrelated to the earlier industrial injury, but were nevertheless ordered paid by Shaball.

Pursuant to Department of Personnel Rule 8–3–3(D), 4 Code Colo.Reg. 801–1, a meeting was held between Shaball and her supervisor, Gary Pon. Also present at the meeting was Don Harper, an employee of respondent. Pon did not explain Harper's role at the meeting. . At this meeting Shaball stated that her error was a good faith mistake, rather than fraudulent.

On September 30, Pon informed Shaball by letter that, after reviewing the evidence, he had concluded that she had intentionally

Eva Camacho Woodard, Lakewood, for complainant-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Aurora Ruiz–Hernandez, Asst. Atty. Gen., Denver, for respondent-appellee State Compensation Ins. Authority.

Opinion by Judge DUBOFSKY.

Complainant, Ann Shaball, appeals the decision of the State Personnel Board that upheld the termination of her employment

paid non-compensable claims. Pursuant to Department of Personnel Rule 8–3–3(C)(1), 4 Code Colo.Reg. 801–1 (failure to comply with standards of efficient service or competence) and Department of Personnel Rule 8–3–3(C)(2), 4 Code Colo.Reg. 801–1 (willful misconduct), Pon terminated Shaball's employment with respondent.

Shaball appealed the termination and the hearing officer concluded that respondent had acted properly. The hearing officer also denied Shaball's request for attorney fees. Shaball subsequently appealed the hearing officer's decision to the State Personnel Board, which accepted the hearing officer's findings of facts and conclusions of law and affirmed her decision.

## I.

■ Shaball argues that the State Personnel Board lost jurisdiction when the hearing officer failed to issue a decision within the 45–day period specified by § 24–50–125.4(3), C.R.S. (1988 Repl.Vol. 10B). We disagree.

Section 24–50–125.4(3), C.R.S. (1988 Repl. Vol. 10B) states in pertinent part:

"The board or a *hearing officer* for the board shall issue its written decision within forty-five calendar days after the conclusion of the hearing and the submission of briefs." (emphasis added)

The applicable Department of Personnel Rule is § 10–9–2, 4 Code Colo.Reg. 801–1, states:

"The initial decision of the hearing officer after hearing *shall* be issued within 45 days of conclusion of the hearing and the submission of briefs in accordance with C.R.S. 24–50–125.4(3)." (emphasis added)

■ Statutory provisions governing the time for actions to be taken by public officials and agencies are not jurisdictional unless a contrary intent is clearly expressed. *People ex rel. Johnson v. Earl,* 42 Colo. 238, 94 P. 294 (1908); 1 A. Sutherland, *Statutory Construction* § 25.03 (4th ed. 1985). A provision requiring a decision of a court, referee, administrative agency, or the like to be entered or filed within a

definite time has generally been considered directory. 2 A. Sutherland, *Statutory Construction* § 57.19 (4th ed. 1985); *Brenner v. Bruckman,* 253 App.Div. 607, 3 N.Y. S.2d 265 (1938); *Morrison v. Unemployment Compensation Board of Review,* 141 Pa.Super. 256, 15 A.2d 391 (1940).

Thus, seemingly absolute time periods for administrative action are often considered mere guides for the conduct of business with dispatch and for orderly procedure. *Perry v. Planning Commission,* 62 Haw. 666, 619 P.2d 95 (1980); *see Heller v. Wolner,* 269 N.W.2d 31 (Minn.1978). Time limitations have generally been characterized as directory unless time is of the essence, unless the statute contains negative language denying the exercise of authority beyond the time period prescribed for action, *Wilson v. Hill,* 782 P.2d 874 (Colo.App.1989), or unless disregarding the relevant provision would injuriously affect public interests or private rights. *See Perry v. Planning Commission, supra; Taylor v. Department of Transportation,* 260 N.W.2d 521 (Iowa 1977); *Sanchez v. Walker County Dept. of Family & Children Services,* 237 Ga. 406, 229 S.E.2d 66 (1976).

■ The crucial difference between statutes considered to be directory and those deemed mandatory arises from the consequence of noncompliance. Failure to follow the former does not terminate the authority of the administrative or judicial body to decide the issue, whereas the failure to follow the latter may terminate its power or jurisdiction. *Perry v. Planning Commission, supra.*

Here, the applicable statute and rule do not meet any of the criteria that necessitates the time limit being considered jurisdictional. Thus, under the above-stated rules the relevant statute and rule here lends itself to being categorized as directory.

Our Supreme Court in *People v. Clark,* 654 P.2d 847 (Colo.1982) and *Turman v. Buckallew,* 784 P.2d 774 (Colo.1989) determined that the term "shall" in the statutes that limit the time by which a parole or probation hearing must be held is obligato-

ry but does not limit subject matter jurisdiction. *See also People in Interest of Lynch,* 783 P.2d 848 (Colo.1989). In both cases, the court found that the failure to meet the time requirements of the statute for holding the hearing did not warrant dismissal of the action; rather, the inmates' temporary release from jail was found to be the proper sanction.

In our view, the "shall" language of the statutes interpreted in those cases is similar to the language in the applicable statute and rule here. Accordingly, consonant with the analysis applied in those cases, we conclude here that the term "shall" requires compliance but does not deprive the court of subject matter jurisdiction.

■ Shaball next argues that an economic sanction should be imposed for the delay in providing a decision. We disagree and therefore, determine that Shaball is not entitled to compensation because of the hearing officer's delay in making her decision.

## II.

Shaball next argues that respondent failed to follow the procedures contained in Department of Personnel Rules 8–3–1(B) and (C) and 8–3–3(D)(4), 4 Code Colo.Reg. 801–1. We perceive no error.

Department of Personnel Rule 8–3–1(B) requires certain factors to be considered as part of the disciplinary decision. Pon's testimony indicates that he considered many things, including Shaball's entire file.

■ Department of Personnel Rule 8–3–1(C) requires appropriate corrective action before resorting to disciplinary action unless the conduct is so flagrant or serious that immediate disciplinary action is appropriate. Shaball argues that since respondent did not take *immediate disciplinary action* after Shaball approved payment of the second bill on September 11, that only corrective action was available.

The 11–day delay in taking disciplinary action was largely a result of further investigation of the situation. Under the circumstances here in which the "delay" was the result of a more thorough investiga-

tion, there was no violation of the rule in question.

■ Department of Personnel Rule 8–3–3(D)(4) requires that an employee be notified within five working days following the effective date of the termination. Shaball argues that, because her termination was effective on September 25 and she did not receive notice until October 2, she must be compensated until October 2. Since the time period between September 25 and October 2 encompasses seven days, two of which are weekend (non-working) days, she received the required notice. *See* § 2–4–108, C.R.S. (1980 Repl.Vol. 1B).

## III.

■ Shaball next argues that the termination decision was arbitrary, capricious, and an abuse of discretion. She alleges that respondent did not prove that she committed willful misconduct or that she failed to comply with standards of efficient service. We disagree.

In order to set aside a decision by an administrative agency on the basis that it is arbitrary and capricious, the reviewing court must find that there is no competent evidence supporting the agency's decision. *Dias v. State,* 740 P.2d 545 (Colo.App.1987).

Here, there was evidence in the record supporting the determinations that Shaball's conduct violated Department of Personnel Rules 8–3–3(C)(1), 4 Code Colo.Reg. 801–1. If, as here, there is conflicting testimony, the credibility of witnesses and the weight to be given their testimony is within the province of the administrative agency. *Charnes v. Lobato,* 743 P.2d 27 (Colo.1987).

The evidence in the record indicates that the Shaball took the claimant's file, which was the responsibility of another, in order to pay bills unrelated to the workmen's compensation injury. Claimant had sustained a compensable injury to her hand, but most of the bills at issue here concerned the diagnosis and treatment of a serious lung problem. Finally, the evidence showed that claimant was a former co-employee with Shaball and that, after several phone calls between claimant and

Shaball, a group of bills pertaining to the lung disease were sent by claimant directly to Shaball in order to bypass the employee assigned to the file.

Based upon this information in the record, we conclude that there is sufficient evidence to support the hearing officer's determination. For the same reasons, we reject Shaball's contention that several of the findings of fact of the hearing officer must be reversed as being contrary to the weight of the evidence. *See Charnes v. Lobato, supra.*

### IV.

■ Shaball next argues that her procedural due process rights were violated. She contends that she was neither provided an explanation of the evidence against her nor given a meaningful opportunity to present her evidence. We disagree.

■ Procedural due process requires notice and an opportunity to be heard. *People in Interest of D.G.,* 733 P.2d 1199 (Colo.1987). These principles apply to administrative hearings. *Electric Power Research Institute, Inc. v. City & County of Denver,* 737 P.2d 822 (Colo.1987). Additionally, Department of Personnel Rule 8–3–3(D), 4 Code Colo.Reg. 801–1, requires an appointing authority to meet with an employee facing disciplinary action, to present the information to the employee, and to give the employee an opportunity to admit or refute the information. Due process requires that respondent comply with these standards. *See Department of Health v. Donahue,* 690 P.2d 243 (Colo.1984).

Here, the record shows that Shaball was given sufficient notice of the charges against her and a meaningful opportunity to refute them. Prior to the September 21 meeting, she was told that there was a problem with the claimant's file. A letter from Pon informed her a meeting pursuant to Department of Personnel Rule 8–3–3(D), 4 Code Colo.Reg. 801–1, was scheduled "regarding possible fraudulent worker's compensation payments" and that she could respond at that time. In the meeting, the claimant's file was on the table, but Shaball did not ask to review it. During the meet-

ing, Pon explained the nature of the proceedings to her, reiterated the allegations, and asked her to explain her conduct. In our view, the notice and meeting met the requirements of due process. *See McLaughlin v. Levine,* 727 P.2d 410 (Colo. App.1986).

Relying upon *Department of Administration v. State Personnel Board,* 703 P.2d 595 (Colo.App.1985) and *Mayberry v. University of Colorado Health Sciences Center,* 737 P.2d 427 (Colo.App.1987), Shaball further contends that her due process rights were violated by Harper's presence in the Rule 8–3–3(D) meeting. However, these cases construe the predecessor to the present personnel rule, and so have no applicability here.

■ Department of Personnel Rule 8–3–3(D)(1)(b), 4 Code Colo.Reg. 801–1, now states that the employee may exclude any individuals from the meeting, "except for one individual *identified* by the appointing authority as his or her designated representative." Though Harper was the appointing authority's designated representative, Pon apparently did not so identify him. Shaball did not, however, object to Harper's presence at the meeting. Moreover, Shaball has not claimed she was harmed or injured from Pon's failure to identify Harper properly.

Though the better practice would have been for Pon to identify Harper as a designated representative, the failure to do so does not constitute a due process violation. *See Kreshtool v. Delmarva Power & Light Co.,* 310 A.2d 649 (Del.Super.Ct.1973).

### V.

Shaball also argues that respondent lacked jurisdiction to terminate her because it failed to prove that Pon was a proper delegee.

The delegation agreement was prepared at the direction of Robert Goss, the Department of Labor's Executive Director, and was signed by him. Its authenticity was not questioned. Therefore, this argument is without merit.

## VI.

 Shaball argues that the hearing officer erred in failing to allow claimant to testify by telephone. We perceive no error.

Shaball listed claimant as a witness, but claimant told Shaball that difficulties with her car and children prevented her from coming to Denver to testify. Shaball requested that claimant be allowed to testify by telephone; however, she made no offer of proof as to claimant's testimony. Moreover, Shaball did not request a continuance so that claimant could testify in person at a later date. Also, earlier, Shaball had successfully prevented respondent from having witnesses testify by telephone.

The hearing officer apparently determined that claimant's credibility was significant and that therefore she must testify in person. The hearing officer has discretion to determine such evidentiary matters, and we perceive no abuse of that discretion. *See* § 24-4-105(4), C.R.S. (1988 Repl.Vol. 10A).

## VII.

Shaball further argues that she should be reinstated in her former position with respondent and awarded attorney fees and costs. Since we have determined that Shaball's other claims for relief must fail, she is not entitled to reinstatement to her former job.

Section 24-50-125.5(1), C.R.S. (1988 Repl. Vol. 10B) provides that the agency shall be liable for attorney fees and costs if the underlying personnel action "was instituted frivolously, in bad faith, maliciously, or as a means of harassment or was otherwise groundless." Since we have upheld the hearing officer's findings of fact and conclusions of law, Shaball cannot recover under § 24-50-125.5(1).

Section 24-50-125.4(5), C.R.S. (1988 Repl. Vol. 10B) provides that the employee, if successful on appeal, shall have his attorney fees and costs paid by the agency if the agency is responsible for an inexcusable delay in the proceedings. Since Shaball has not been successful on this appeal, she has no claim under this statute.

## VIII.

 Shaball finally argues that respondent should not have been permitted to file its answer brief with the State Personnel Board because it did not do so on a timely basis. Department of Personnel Rule 10-10-5, 4 Code Colo.Reg. 801-1, states: "The appellee's brief shall be served and filed with the board within 10 days after service of the Shaball's brief upon the appellee." Shaball contends that the Vice-Chairman of the State Personnel Board lacked the authority to grant respondent additional time in which to file the brief.

 While we agree that the Personnel Board should not have *ex parte* granted this additional time, any error in its so doing was not of significant consequence to mandate reversal of its decision.

The order is affirmed.

TURSI and DAVIDSON, JJ., concur.