**Omar LOPEZ–SAMOYOA, M.D.,
Respondent–Appellant,**

v.

**The COLORADO STATE BOARD
OF MEDICAL EXAMINERS,
Appellee.**

**No. 92CA0805.**

Colorado Court of Appeals,
Div. II.

May 20, 1993.

Rehearing Denied June 17, 1993.

Certiorari Granted Feb. 28, 1994.

Yu, Stromberg, Huotari & Cleveland, P.C., Frederick Y. Yu, Susan B. Levy, Denver, for respondent-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert A. Holden, Asst. Atty. Gen., Denver, for appellee.

Opinion by Judge TURSI.

Respondent, Omar Lopez–Samoyoa, M.D., appeals from the disciplinary order entered by the Colorado State Board of Medical Examiners (Board). We affirm in part, reverse in part, and remand for further proceedings.

Respondent was licensed by the Board in 1984 and has been engaged in private practice since that time in the rural community of Julesburg, Colorado. On October 10, 1990, the Board filed a seven count complaint against respondent based on his care and treatment of seven patients. Each count charged respondent with acts or omissions which failed to meet generally accepted standards of medical practice in violation of § 12–36–117(1)(p), C.R.S. (1991 Repl.Vol. 5B). A hearing was conducted before an Administrative Law Judge (ALJ) pursuant to the State Administrative Procedure Act, § 24–4–101, et seq., C.R.S. (1988 Repl.Vol. 10A) and the Colorado Medical Practice Act, § 12–36–101, et seq., C.R.S. (1991 Repl.Vol. 5B).

On June 10, 1991, the ALJ issued his initial decision. He concluded that the respondent had failed to meet generally accepted standards of medical practice with respect to five of the seven patients and recommended that respondent's license be placed on probationary status for two years and that some method of review be developed for supervision of his practice. Although the ALJ found that no specific area of practice required additional education, he recommended that respondent be referred to the Colorado Personalized Education Program for Physicians (CPEPP) and that he be required to participate in continuing medical education if deemed appropriate to the program and if appropriate to the violations found in this case.

Both parties filed exceptions to the ALJ's initial decision and presented oral argument to the Board. On May 8, 1992, the Board issued its final agency order and advised respondent that timely appeal must be taken. In that order, the Board affirmed and adopted the ALJ's findings of fact and conclusions of law.

Without making note of the facts found in mitigation, the Board rejected the sanction recommended by the ALJ and, instead, imposed a probationary period of five years with the condition that respondent's medical practice be supervised during that period by an approved practice monitor. In addition, the Board ordered the respondent to undergo an assessment by CPEPP and stated that thereafter it would issue a supplemental order directing respondent to acquire additional education, training, and skills, which would not exceed the requirement, *inter alia,* that he achieve certification by a board approved by the American Board of Medical Specialties.

Respondent timely filed this appeal to the final order. The Board's supplemental order was entered after briefing in this matter had already commenced. The CPEPP assessment is not part of the record.

In the supplemental order, the Board set forth the specific requirements and limitations of its sanction, including that respondent (1) participate in an accredited residency training program; (2) achieve board certification in an area of specialty before petitioning for termination of probation; (3) be restricted from performing major surgery; and (4) confine his obstetrical practice to routine prenatal care and normal vaginal deliveries.

## I.

Respondent first argues that the ALJ's findings and conclusions with respect to the alleged substandard care of four of the patients were contrary to the law and unsupported by the evidence. We disagree.

An ALJ's findings of evidentiary fact may not be set aside on review unless the findings are contrary to the weight of evidence. Section 24–4–105(15)(b), C.R.S. (1988 Repl.Vol. 10A). After reviewing the record as a whole, we are satisfied that the findings and conclusions challenged by respondent not only conformed to applicable law, but were also supported by sufficient evidence. They were, therefore, properly adopted by the Board and, under the standard of review set forth in § 24–4–106(7), C.R.S. (1988 Repl.Vol. 10A), must be affirmed.

We also reject respondent's assertion that the charges made against him in connection with Patient B were insufficient to apprise him that the administrative inquiry would address all aspects of Patient B's care including the failure to use a heart monitor. *See McLaughlin v. Levine,* 727 P.2d 410 (Colo. App.1986).

## II.

Respondent next contends that the Board abused its discretion and exceeded its jurisdiction when it denied his motion for disclosure and disqualification of members of the Board. Again, we disagree.

Respondent's motion was based on a series of newspaper articles examining the "health care crisis" in Colorado's rural communities which appeared in a widely circulated newspaper after the ALJ had rendered his initial decision. Featured in the articles was a profile of respondent's case as well as comments by the program administrator for the Board which, respondent asserts, evidenced the Board's bias against rural practitioners.

■ Section 24–4–105(3), C.R.S. (1988 Repl.Vol. 10A) provides for the withdrawal of an ALJ or agency member "if he deems himself disqualified or for any other good reason...." and any allegations of personal bias made in good faith by a party submitting a timely and sufficient affidavit must be "forthwith" ruled upon as part of the record of the case. However, a rebuttable presumption of integrity, honesty, and impartiality attaches ·in favor of those serving in quasi-judicial capacities. *Scott v. City of Englewood,* 672 P.2d 225 (Colo.App.1983).

■ Here, respondent's claim of bias was supported only by an affidavit of respondent's counsel which described the content of the articles and contained general allegations of the series' prejudicial import. However, respondent's affidavit was refuted by an affidavit submitted by the program administrator, and no facts were submitted to substantiate counsel's expressed suspicion that the articles impermissibly influenced the Board. Further, it is undisputed that the program administrator did not participate in the Board's deliberations.

■ Unsupported allegations of possible procedural irregularities such as those contained in the affidavit submitted by respondent's counsel are insufficient to establish a right to discovery in a post-hearing, pre-appeal administrative proceeding. *Peoples Natural Gas Division v. Public Utilities Commission,* 626 P.2d 159 (Colo.1981). Moreover, the ALJ's findings and conclusions, supported by the evidence, had been entered prior to the articles in question and were adopted by the Board.

## III.

Finally, respondent challenges the sanction entered by the Board. He asserts error in the issuance of the supplemental order and in the requirement that he become board certified. Further, respondent argues in general that when the record and the findings of the ALJ are viewed as a whole, the sanctions imposed by the Board are so disproportional to the offense that they constitute an abuse of discretion.

### A.

Respondent initially asserts that the Board had no jurisdiction to issue the supplemental order and, consequently, that the restrictions imposed therein are without effect. We disagree.

■ Ordinarily, the filing of a notice of appeal with this court will divest an administrative agency of jurisdiction. *Colorado Anti–Discrimination Commission v. Continental Airlines, Inc.,* 143 Colo. 590, 355 P.2d 83 (1960); *Fiebig v. Wheat Ridge Regional Center,* 782 P.2d 814 (Colo.App.1989). However, here, the supplemental order was intended only to detail the procedural aspects of the sanctions which had been imposed in the Board's final order. While we do not approve of this practice, we are unpersuaded that it has precluded us from considering all aspects of the Board's sanction in this appeal. Furthermore, the sanctions specified in the supplemental order were within the scope of the sanctions authorized in the final order. They were made a part of the record before this court and addressed by the parties at oral argument.

### B.

We agree with respondent's contention that the Board's imposition of the condition that he become board certified in an area of specialty exceeded the scope of the Board's statutory authority.

■ The State Board of Medical Examiners is afforded great discretion in its determination of the appropriate sanction for unprofessional conduct by a physician and, absent an abuse of discretion, its determination must be upheld on review. *Colorado State Board of Medical Examiners v. Hoffner,* 832 P.2d 1062 (Colo.App.1992). However, pursuant to § 24–4–106(7), C.R.S. (1988 Repl.Vol. 10A), this court is bound to set aside any agency action which is, *inter alia,* arbitrary or capricious or lies beyond the agency's statutory jurisdiction and authority.

■ The requirement of Board certification in an area of specialty exceeds the qualifications necessary for physicians seeking licensure. *See* § 12–36–107, C.R.S. (1991 Repl.Vol. 5B). Further, counsel for the Board was unable to cite any statutory authority for the imposition of such a sanction and knew of no previous case in which it had been imposed. Hence, we conclude that imposition of such a requirement as a condition to reinstatement surpassed the Board's statutory authority.

### C.

We also agree with respondent that there was no finding by the ALJ or the Board that respondent's actual surgical skills were substandard, nor was there any evidence in the record to that effect. However, insofar as the sanctions are limited to training in decisionmaking and procedures prior to performance of surgery, we conclude that the Board did not abuse its discretion.

### D.

■ Respondent argues that the Board abused its discretion by its failure to indicate any consideration of the mitigating circumstance surrounding 4 of the 5 substandard acts ruled upon for sanctions. We agree that inasmuch as the ALJ found a multitude of significant mitigating facts and these facts were adopted by the Board, the failure of the Board to evince any consideration of these facts leaves this court without guidance in determining whether the sanctions imposed are supported by the Board's consideration of the record as a whole.

The order is, therefore, affirmed insofar as it pertains to the findings and conclusions that respondent failed to meet accepted standards of medical care. That part of the order imposing sanctions is vacated, and the cause is remanded for reconsideration of appropriate sanctions based on the record as a whole and the views presented in this opinion.

HUME J., and SMITH, Justice,* concur.