Claude A. **FISHBURN, Robert D. Perkins, and Raymond J. Maestas, Plaintiffs–Appellants,**

v.

Edward W. **BAILEY, individually and in his official capacity, and The City of Colorado Springs, Defendants–Appellees.**

No. 92CA1429.

Colorado Court of Appeals, Div. I.

Aug. 19, 1993.

Rehearing Denied Sept. 23, 1993.

Certiorari Denied March 14, 1994.

§ 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Cornish and Dell'Olio, Craig M. Cornish, Colorado Springs, for plaintiffs-appellants.

James G. Colvin II, City Atty., Steven K. Hook, Asst. City Atty., Colorado Springs, for defendants-appellees.

Opinion by Judge PIERCE.

Plaintiffs, Claude A. Fishburn, Robert D. Perkins, and Raymond J. Maestas, appeal from a judgment of dismissal entered in favor of defendants, Edward W. Bailey and the City of Colorado Springs (City). We affirm.

Plaintiffs were employees of the City's Water Department. On August 1, 1991, they received written notice of pre-termination hearings stemming from their alleged misconduct in attending a party while on the job.

Each plaintiff then received a separate hearing, at which defendant Bailey, the Director of the Water Department, informed each that he possessed written statements from various witnesses supporting the allegations of misconduct. However, with the exception of one statement, Bailey refused to disclose the identity of the witnesses or to provide plaintiffs with copies of the state-

ments. In addition, following these hearings, Bailey allegedly received further written and tape recorded statements which were not supplied to the plaintiffs.

Subsequent to their hearings, Maestas and Perkins were given notice of their dismissal and Fishburn received notice of a ten day suspension.

On August 20, 1991, plaintiffs initiated this action in which they alleged that Bailey's failure to disclose the names of the witnesses denied them procedural due process and that they were disciplined arbitrarily and capriciously, in violation of their substantive due process rights.

Finding that plaintiffs' procedural due process interests had been satisfied by virtue of their having received both notice of the allegations against them and an opportunity to respond to those allegations, the trial court granted defendants' motion to dismiss those claims. The plaintiffs' substantive due process claims were dismissed by stipulation of the parties.

Plaintiffs contend that the trial court erred in dismissing their procedural due process claims. They argue that, prior to their termination or suspension, they were entitled to be appraised of the evidence against them, including the names of witnesses providing the statements as well as access to the statements themselves. Because plaintiffs were not provided with this information, they conclude their complaint set forth a valid claim for violation of their procedural due process. We disagree.

If a public employee may be terminated only for cause, such employee enjoys a property right in his continued employment that may not be disturbed unless the employee is first afforded the protection of due process. *See Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

In *Loudermill, supra,* the United States Supreme Court held that in determining the extent of process due a public employee prior to termination, a court must balance (1) the

private interests of the employee in retaining employment, (2) the governmental interest in the expeditious removal of unsatisfactory employees and the avoidance of undue administrative burdens, and (3) the risk of erroneous termination. Upon weighing these considerations, the court concluded that:

> The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.... To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.

*Cleveland Board of Education v. Loudermill, supra,* 470 U.S. at 546, 105 S.Ct. at 1495, 84 L.Ed.2d at 506.

Plaintiffs contend that the Supreme Court expanded the requirement of "an explanation of the employer's evidence" in *Brock v. Roadway Express, Inc.,* 481 U.S. 252, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987) to require the employer to provide the employee with names of witnesses and access to reports prior to termination. We hold that such a requirement is not dictated by *Brock.*

In *Brock,* the Supreme Court considered the constitutionality of a provision of the Surface Transportation Assistance Act, 49 U.S.C.App. § 2305 (1989), insofar as it permitted the Secretary of Labor to order temporary reinstatement of a "whistleblower" employee without first conducting an evidentiary hearing. Citing *Loudermill,* Justice Marshall, writing for the plurality, noted that:

> [T]he constitutional requirement of a meaningful opportunity to respond before a temporary deprivation may take effect entails, at a minimum, the right to be informed not only of the nature of the charges but also of the substance of the relevant supporting evidence.

*Brock v. Roadway Express, Inc., supra,* 481 U.S. at 265, 107 S.Ct. at 1749, 95 L.Ed.2d at 252.

Thus, contrary to plaintiffs' suggestion, *Brock* does not stand for the proposition that procedural due process requires a public employer to disclose the names of witnesses or to provide access to copies of witness statements prior to the termination or suspension of a tenured employee. *See also Leftwich v. Bevilacqua,* 635 F.Supp. 238 (W.D.Va.1986).

On appeal, plaintiffs do not contend that the notice provided by the City was inadequate, nor do they contend that the explanation of the City's evidence was inadequate to permit them to respond during the hearing. Thus, the procedures followed by the City prior to plaintiffs' suspensions or terminations satisfied the requirements of due process. *See Shaball v. State Compensation Insurance Authority,* 799 P.2d 399 (Colo. App.1990).

The judgment of the trial court is affirmed.

NEY and MARQUEZ, JJ., concur.