No. 18,440.

Tommy Sheldon *v.* L. W. Schmidt, et al.

(351 P. [2d] 288)

Decided April 18, 1960.

Mr. Norman E. Strumpler, Mr. James K. Eaton, for plaintiff in error.

Mr. Carl M. Shinn, for defendants in error.

458

*In Department.*

PER CURIAM.

THE parties will be referred to by name or as they appeared in the trial court where plaintiff in error was defendant and defendants in error were plaintiffs.

L. W. Schmidt filed a complaint against Tommy Sheldon in the district court of Prowers County, which except for the introductory paragraph and the prayer, in full is as follows:

"Defendant owes plaintiff the sum of one thousand thirty-three dollars and six cents for pasture of cattle and for dipping of cattle furnished by plaintiff to defendant between April 16, 1956 and October 1, 1956."

To which complaint, the defendant filed a motion to make it more definite and certain by stating whether the agreement under which the cattle were allegedly pastured and dipped was oral or written, and by setting forth the date, terms and an accounting of moneys paid and charged on said agreement. Upon hearing this motion was denied. An answer and counterclaim was filed by the defendant, to which a reply was filed by the plaintiff and permission granted to file an amended complaint. The amended complaint adds additional parties plaintiff. Other than this there is no change between the original and the amended complaint. No motions were filed by defendant to the amended complaint. By answer to the amended complaint defendant alleged that if he was ever indebted to plaintiff for pasture and dipping of cattle, he has paid the full amount owed. To this answer defendant filed a counterclaim alleging that plaintiff had failed to deliver four head of cows valued at $500.00, and prayed for judgment in this amount. On these issues trial was had to a jury which returned verdicts finding for plaintiffs on their complaint and assessing their damages at $1,033.06, and against the

defendant in favor of the plaintiffs on the counterclaim. Judgments were entered on the verdicts.

Defendant seeks reversal of the judgment on five grounds namely:

1) Error of the trial court in denying the motion to make the complaint more definite and certain.

2) Chastisement of the attorney for defendant in the presence of the jury.

3) Comment of counsel for plaintiffs in his argument to the jury that "If he had 'pasture bill paid in full' on a check, he would have it here."

4) The verdict was contrary to the evidence in that the jury ignored the evidence of the defendant purporting to establish an alibi as to his location where plaintiff claims the contract was entered into.

5) The verdict was contrary to the evidence and the law in that there is no proof of a meeting of the minds to enter a contract and no instructions given the jury covering the reasonableness of the amount charged for services rendered.

We will discuss the points in the order named.

■ 1. The granting or denying of a motion to make a pleading more definite and certain lies within the sound discretion of the trial court and its ruling on such a motion will not be disturbed in the absence of a clear showing of an abuse of discretion and prejudice to the party affected.

The defendant here made no effort to avail himself of the many procedural steps open to him under the rules whereby he could have obtained the information he claimed he needed in order to answer the complaint. When the amended complaint was filed, he promptly answered and again did nothing to obtain more definite information from the plaintiff. The evidence at the trial shows that many of the facts sought in his motion were known to the defendant before the suit was filed.

We are persuaded that no prejudice resulted to defendant by refusal of the court to grant his motion to make

more definite and certain; nor did the court abuse its discretion in denying the motion.

2. The alleged chastisement of defendant's counsel came after the defendant had been allowed to reopen his case to present additional testimony. Counsel asked defendant Sheldon if he recalled the testimony of a witness concerning the alleged agreement and asked to have the reporter read that testimony to the witness. The court said, "No, I do not think it is proper for you to quote, anyway. He is your witness; it is direct examination, you just interrogate in the usual manner."

In overruling an objection to a question asked the defendant the court said, "The objection is overruled. But in examining the witness, Mr. Rogers, bear in mind that this is your witness; he is on direct examination. Just ask him specific questions. Do not refer to the testimony of somebody else. Just ask him a question and let him answer the question; do not put answers in his mouth. If you want to proceed on that basis, all right. Otherwise, I will permit no further evidence on this point." Whereupon, Mr. Rogers said, "I will certainly proceed on this as directed by the court. I would like to state for the record that I was under the impression such objections should come from opposing counsel. You overruled, so I assume he is now able to answer that question?

"The Court — You proceed. I will interrupt if I think proper.

"Mr. Rogers — Yes, sir. May I ask the court's permission for the court reporter to read the question back to the witness?

"The Court — That particular question, no. The objection to that particular question is sustained.

"Mr. Rogers — Sustained?

"The Court — Because I tried to explain to you how you should interrogate a witness but apparently you chose to argue the matter with the court rather than proceeding that way.

"Mr. Rogers — I do not intend to argue. Maybe I do not understand the court. I would like to have a short recess to discuss the matter so I will not appear to be disregarding the court's orders.

"The Court — All right. We will be in recess. You may come to chambers."

■ The above constitutes what the defendant terms chastisement. As we view the remarks of the court, they do not constitute chastisement of counsel, and were fully justified under the circumstances.

3. Counsel for plaintiff in his closing argument to the jury said — "If he had 'Pasture bill paid in full' on the check he would have it here." Mr. Rogers objected to the remark.

The court said — "I think counselor has gone beyond the ordinary commenting on the evidence by suggesting what might be on something. I think your objection is well taken as to that last statement. The objection which counsel made to the last comment of plaintiffs' counsel is sustained. The jury are instructed to disregard that phase of it. However, as I have told you in my written instructions, and I will tell you again, that the comments and argument of counsel are not evidence. That, of course, applies to all concerned, so you will remember that."

■ The trial court acted promptly and properly in cautioning the jury concerning the objectionable remark of counsel. It cannot be said that the jury disregarded the instructions and admonitions of the court and notwithstanding was influenced by counsel's remark to return a verdict in favor of the plaintiffs. The presumption being that the jury paid heed to the instructions of the court, no prejudice resulted to defendant.

■ 4-5. The last two grounds concern the sufficiency of the evidence to support the verdict. The evidence at the trial was conflicting on the main issues involved. The jury resolved such conflicts in favor of the plaintiffs, and there being ample competent evidence

462

in the record to support the verdicts and judgment, the judgment is affirmed.

MR. JUSTICE KNAUSS, MR. JUSTICE HALL and MR. JUSTICE DAY concur.