**Patricia DALTON, Plaintiff–Appellant,**

v.

**Frederick M. MILLER, Defendant–Appellee.**

No. 97CA2186.

Colorado Court of Appeals.
Div. A.

April 29, 1999.

Rehearing Denied June 10, 1999.

Certiorari Pending July 8, 1999.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.

Patricia Dalton, *Pro Se.*

Cooper & Clough, P.C., Paul D. Cooper, Larry S. McClung, Denver, Colorado, for Defendant–Appellee.

Opinion by Chief Judge HUME.

Plaintiff, Patricia Dalton, appeals the trial court's dismissal of her action against defendant, Frederick M. Miller. We affirm in part, reverse in part, and remand the cause for further proceedings.

Plaintiff originally sued her insurance company for refusing to renew her health insurance policy, alleging, among other things, damages for emotional distress. During the course of discovery in that case and pursuant to C.R.C.P. 35, the insurer requested an independent psychiatric examination of plaintiff to determine her emotional and psychological condition. The motion was granted, and plaintiff was later examined by defendant.

Defendant prepared a written report for the insurer, which detailed his conclusions based on his visits with plaintiff. He also testified in a videotaped trial preservation deposition.

Plaintiff later settled her case with the insurer. However, she then sued defendant for his conduct during the examinations and for alleged discrepancies between his written report to the insurer and his videotaped deposition testimony. She alleged numerous claims for relief, including: misrepresentation and deceit; intent to cause loss of improved chances for recovery and increased risk of harm pursuant to Restatement (Second) of Torts § 323(a)(1965); invasion of privacy by intrusion upon seclusion; abuse of process; intentional infliction of emotional distress and outrageous conduct; and civil conspiracy.

Ultimately, defendant filed a motion to dismiss and for summary judgment on plaintiff's claims. Citing *Awai v. Kotin,* 872 P.2d 1332 (Colo.App.1993), the trial court granted the motion to dismiss, reasoning that defendant was entitled to quasi-judicial immunity for his activities conducted pursuant to the independent psychiatric evaluation.

This appeal followed.

I.

Plaintiff first contends that the trial court erred in applying the doctrine of quasi-judicial immunity to defendant's acts in this case. We agree.

A.

In *Awai v. Kotin, supra,* a division of this court held that quasi-judicial immunity extends only to those functions intimately related and essential to the judicial decision-making process. In that case, a psychologist had been appointed by the court to assist it in determining issues of child custody and visitation. The psychologist's activities in making evaluations and recommendations were

protected by the doctrine of absolute immunity because those activities were intimately related to the judicial process of finding facts and rendering decisions. *See Awai v. Kotin, supra.*

The division in *Awai* noted that court-appointed therapists had been afforded immunity in the context of sanity evaluations, dependency and neglect cases, termination of parental rights cases, and custody evaluations. *See Awai v. Kotin, supra* (collecting cases); *see also Higgs v. District Court,* 713 P.2d 840 (Colo.1985)(prosecutor's immunity) *and State v. Mason,* 724 P.2d 1289 (Colo.1986)(parole board immunity).

■  However, quasi-judicial immunity is generally not extended to an examination conducted at the request of one of the parties to the litigation. *But see Howard v. Drapkin,* 222 Cal.App.3d 843, 271 Cal.Rptr. 893 (1990)(psychologist hired by parents to evaluate allegation of abuse for custody case entitled to absolute quasi-judicial immunity). Rather, the cases that recognize quasi-judicial immunity for court-appointed psychiatric examiners do so only when the examiner is appointed by and reports directly to the court. *See, e.g., Awai v. Kotin, supra.* In effect, such an appointee acts as an officer of the court.

■  Here, defendant was chosen by the insurer to conduct an independent psychiatric examination of plaintiff and report back to the insurer. The insurer could then decide either to use the information or to ignore it in presenting its case. Such an independent examiner who reports to one of the parties functions as an expert who may provide opinions for use as evidence in the course of litigation.

■  Accordingly, we hold that professionals conducting an independent medical or psychiatric examination pursuant to a C.R.C.P. 35 request are not entitled to absolute quasi-judicial immunity for their activities.

### B.

Alternatively, defendant contends that he is entitled to witness immunity for the activities at issue here. We agree in part.

■  The trial court did not rule on the issue of witness immunity. However, an appellee may defend the judgment of the trial court on any ground supported by the record, so long as the party's rights under the judgment are not increased thereby. *See Farmers Group, Inc. v. Williams,* 805 P.2d 419 (Colo.1991).

The United States Supreme Court has held that trial witnesses are entitled to absolute immunity from subsequent civil liability for their trial testimony. *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *see also Wagner v. Board of County Commissioners,* 933 P.2d 1311 (Colo.1997)(granting absolute witness immunity for testimony before grand jury).

In *Briscoe v. LaHue, supra,* 460 U.S. at 333, 103 S.Ct. at 1114, 75 L.Ed.2d at 106, the Court noted that imposing liability for testimony in a judicial proceeding could have the effect of inducing two types of self-censorship:

> First, witnesses might be reluctant to come forward to testify. And once a witness is on the stand, his testimony might be distorted by the fear of subsequent liability.... A witness who knows that he might be forced to defend a subsequent lawsuit, and perhaps to pay damages, might be inclined to shade his testimony in favor of the potential plaintiff, to magnify uncertainties, and thus to deprive the finder of fact of candid, objective, and undistorted evidence.

Witness immunity has been held to extend to statements and opinions offered in deposition testimony and advisory reports prepared in the course of litigation. *See Kahn v. Burman,* 673 F.Supp. 210 (E.D.Mich.1987), *aff'd without opinion,* 878 F.2d 1436 (6th Cir.1989)(physician who prepared report and gave deposition in medical malpractice suit entitled to immunity). *See also Collins v. Walden,* 613 F.Supp. 1306 (N.D.Ga.1985), *aff'd without opinion,* 784 F.2d 402 (11th Cir.1986)(rationale of *Briscoe v. LaHue* equally applicable to other forms of testimony such as depositions and affidavits); *Elmore v. Van Horn,* 844 P.2d 1078

(Wyo.1992)(counselor hired by parent to evaluate child for potential abuse immune from liability to other parent for affidavit prepared for custody hearing).

We find the rationale of these cases persuasive. If shadowed by the threat of liability, a witness might testify in a manner that would prevent a potential lawsuit, but would deprive the court of the benefit of candid, unbiased testimony. However, if the threat of subsequent civil liability is removed, witness reliability is otherwise ensured by oath, cross-examination, and the threat of criminal prosecution for perjury. *See generally Awai v. Kotin, supra* (discussing procedural safeguards in the context of quasi-judicial immunity).

■ Thus, we hold that defendant is entitled to absolute immunity from civil liability for any statements he made during the course of his videotaped trial preservation deposition testimony that would have been played at trial in lieu of actual testimony from defendant. In addition, he is entitled to immunity for the contents of the report he prepared for counsel for insurer, which detailed his conclusions from his examination of plaintiff.

We are unable to discern from the record here which of plaintiff's claims are based on the videotaped deposition or defendant's written report, and which derive from the actual examination by defendant. To the extent that plaintiff wishes to base any of her claims for relief, in whole or in part, on the videotaped deposition testimony or the written report, such claims are barred because defendant is entitled to absolute immunity for his testimony and activities in connection therewith.

In so holding, we note that the liability of expert witnesses to the party or parties employing them is not at issue in this case. Our holding here is limited to suits against witnesses by parties who are adverse to those who employed the witnesses. *See Kahn v. Burman, supra* (fn. 1)(limiting holding to adverse expert witnesses); *Murphy v. A.A. Mathews,* 841 S.W.2d 671 (Mo.1992)(fn. 11)(holding that party may sue its own expert, but adverse expert witnesses would not be subjected to liability); L. Masterson, *Witness Immunity or Malpractice Liability for Professionals Hired as Experts?,* 17 Rev. Litig. 393 (1998)(discussing witness immunity as applied to "friendly" and adverse expert witnesses).

## II.

■ Plaintiff also contends that *Montoya v. Bebensee,* 761 P.2d 285 (Colo.App.1988) and *Greenberg v. Perkins,* 845 P.2d 530 (Colo.1993) support a finding of a duty on the part of defendant to avoid causing her harm during his examination. Defendant contends that *Martinez v. Lewis,* 942 P.2d 1219 (Colo. App.1996), *aff'd,* 969 P.2d 213 (Colo.1998), dictates that no duty should be found here. We hold that *Greenberg* and *Martinez* may provide support for a finding of a duty by defendant; however, we are unable to make such a determination on the record before us, and therefore, a remand to the trial court for further findings is necessary.

In *Greenberg v. Perkins, supra,* the plaintiff was referred to a physician for an independent medical examination pursuant to C.R.C.P. 35(a). The physician referred her to an occupational center for further testing on her back. During that testing, the plaintiff suffered an aggravation of her back injury.

In holding that the defendant in that case may have owed a duty to the plaintiff, the supreme court held that the determination of whether a duty exists in a particular case is a question of law which must be determined after considering several factors including "the risk involved, the foreseeability and likelihood of injury as weighed against the social utility of the defendant's conduct, the magnitude of the burden created by imposing such a duty, and the consequences of placing the burden upon the defendant." *Greenberg v. Perkins, supra,* 845 P.2d at 537; *see also Montoya v. Bebensee, supra* (holding that mental health provider owed duty of due care to refrain from acting in manner that could foreseeably result in injury to another).

Subsequently, in *Martinez v. Lewis,* 969 P.2d 213 (Colo.1998), the supreme court recognized the potential for expansion of the

rule announced in *Greenberg*. The court noted:

> [W]e emphasize that a determination of whether or not a duty exists under *Greenberg* does not turn on a physician or health care provider causing *physical* injury to the examinee. It is entirely possible that a duty of care could arise while a physician or other health care provider conducts an evaluation of an examinee's mental health. For instance, if the physician or health care provider conducted an evaluation in a manner that worsened the examinee's mental health and the physician or health care provider knew or should have known about information that would have cautioned against conducting the examination in that manner, a duty might well arise under *Greenberg*.

*Martinez v. Lewis, supra* (fn. 4)(emphasis in original).

Here, plaintiff made many interwoven allegations against defendant. As noted above, the allegations pertaining to the written report and videotaped deposition testimony of defendant are not actionable by virtue of defendant's entitlement to witness immunity.

However, to the extent plaintiff's complaint and related submissions allege harm incurred during the actual examination conducted by defendant, such conduct may be actionable under *Greenberg* and *Martinez*. We are unable to make a determination as to whether a violation of a duty occurred as a matter of law on the record before us.

We disagree with defendant's contention that summary judgment is appropriate because of his submission of an affidavit from a psychiatrist who reviewed defendant's performance and found that it did not fall below prevailing professional standards.

Here, plaintiff's surviving allegations center on alleged harm caused by defendant's conduct during the independent psychiatric examination itself. In preparing his affidavit, defendant's expert reviewed defendant's written report and videotaped trial preservation deposition, but because he was provided no information concerning the actual conduct of the examination, he could not render an opinion as to what had transpired at that time. Here, the expert opinion presented as to whether defendant met the standard of care is not dispositive of the issue raised by plaintiff, *i.e.*, that she was harmed by defendant's conduct during the examination.

Therefore, the cause must be remanded to the trial court for further proceedings concerning the facts and circumstances surrounding defendant's examination of plaintiff.

### III.

Plaintiff further contends that the trial court erred in awarding defendant his costs. We agree.

Defendant filed a bill of costs pursuant to § 13–16–107, C.R.S.1998, which sets out the costs to be awarded to a defendant who prevails on a motion to dismiss. However, since this case must be remanded for further proceedings, an award of costs is inappropriate at this time.

The judgment is affirmed insofar as it dismissed claims based on the videotaped deposition or report of defendant. As to any remaining claims based on the conduct of defendant during his examination of plaintiff, the judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

Judge CASEBOLT and Judge ROY concur.