Glenn W. MERRICK, Plaintiff–Appellant,

v.

BURNS, WALL, SMITH & MUELLER, P.C., and Robert T. Cosgrove, Defendants–Appellees.

No. 01CA0108.

Colorado Court of Appeals, Div. A.

Nov. 23, 2001.

Certiorari Denied April 15, 2002. *

* Justice HOBBS does not participate.

Brega & Winters, P.C., Glenn W. Merrick, Denver, CO, for Plaintiff–Appellant.

Montgomery Little & McGrew, P.C., David C. Little, John R. Riley, Englewood, CO, for Defendants–Appellees.

Opinion by Judge STERNBERG.**

Plaintiff, Glenn W. Merrick, appeals the judgment dismissing his complaint against defendants, Burns, Wall, Smith & Mueller, P.C., and Robert T. Cosgrove. We affirm.

Plaintiff, an attorney, represented a client in a bankruptcy action. Over the client's objection, plaintiff was allowed by the court to withdraw from representation.

The client sued plaintiff for malpractice, alleging that plaintiff's improper conduct prevented him from obtaining a discharge in bankruptcy. The client hired defendant Cosgrove, a shareholder, employee, and agent of the defendant law firm, to serve as his malpractice expert witness and to prepare a "Statement of Review" in compliance with § 13–20–602, C.R.S.2001. That malpractice action eventually was dismissed.

Plaintiff then sued defendants, alleging he was required to defend against the malpractice action as a direct result of Cosgrove's conduct in participating as a consultant and in preparing a certificate of review in that action. Plaintiff alleged that the malpractice action would have been dismissed at an earli-

er stage had it not been for Cosgrove's conduct and that Cosgrove failed to discharge his duties under the certificate of review statute and in subsequently preparing a "Statement of Review" pursuant to court order. Plaintiff asserted claims against defendants for: (1) professional negligence; (2) violation of § 13–20–602 in issuing the certificate of review; (3) misrepresentation and deceit; and (4) negligent misrepresentation.

Defendants moved to dismiss plaintiff's complaint under C.R.C.P. 12(b)(5) for failure to state a claim for relief. Defendants argued that they did not owe a duty to plaintiff, that there was no private right of action under § 13–20–602, that an expert opinion cannot be the basis of a misrepresentation claim, that there was no reliance by plaintiff, and that an expert witness has immunity when expressing an opinion against an adverse party. The trial court agreed with all of these arguments and dismissed the complaint.

■ On plaintiff's appeal, we address only the immunity issue because we deem it to be dispositive. We reject plaintiff's contention of error as to that issue, and we agree with the trial court that Cosgrove's conduct was protected by the doctrine of absolute immunity.

■ The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted is to test the formal sufficiency of the complaint. *Dunlap v. Colorado Springs Cablevision, Inc.,* 829 P.2d 1286 (Colo.1992). In ruling upon such a motion, a trial court must accept the facts alleged in the complaint as true and determine whether, under any theory of law, the plaintiff is entitled to relief. C.R.C.P. 12(b)(5); *Chidester v. Eastern Gas & Fuel Associates,* 859 P.2d 222 (Colo.App.1992).

■ The determination whether a party is entitled to absolute immunity is a question of law for the court. *Club Valencia Homeowners Ass'n v. Valencia Associates,* 712 P.2d 1024 (Colo.App.1985).

** Sitting by assignment of the Chief Justice under the provisions of Colo. Const. art. VI, § 5(3),

and § 24–51–1105, C.R.S.2001.

■ It is imperative that judicial officers, in exercising their authority, be free to act upon their own convictions without apprehension of personal consequences. Therefore, judges are immune from civil liability for their judicial acts, even if such acts are in excess of their jurisdiction. *Higgs v. District Court,* 713 P.2d 840 (Colo.1985). This absolute immunity applies to actions in a legal proceeding no matter how erroneous, how injurious the consequences, or how malicious the motive. Only judicial acts done in the absence of all jurisdiction will deprive a judge of absolute immunity. *Cok v. Cosentino,* 876 F.2d 1 (1st Cir.1989).

The source of absolute immunity for nonjudicial officers' acts is rooted in the principle of absolute immunity for judges. *Higgs v. District Court, supra.* For example, in *Dalton v. Miller,* 984 P.2d 666 (Colo.App.1999), a division of this court determined that a psychiatrist was entitled to absolute immunity from civil liability for the statements he made during his videotaped trial preservation testimony and for the contents of the report he prepared for counsel for the defendant insurer, which detailed his conclusions from his examination of the plaintiff, even though there was no immunity for the examination itself.

■ However, absolute immunity extends only to those functions intimately related and essential to the judicial decision-making process. *Awai v. Kotin,* 872 P.2d 1332 (Colo. App.1993). It is necessary to consider the nature of the duties performed and whether such duties are an essential and integral part of the judicial process. *Cok v. Cosentino, supra; Higgs v. District Court, supra.*

■ Communications preliminary to a judicial proceeding are protected by absolute immunity only if they have some relation to a proceeding that is actually contemplated in good faith. *See Buckhannon v. U.S. West Communications, Inc.,* 928 P.2d 1331, 1334 (Colo.App.1996)(statements that were related to a proposed judicial proceeding were protected by absolute privilege); Restatement (Second) of Torts § 588 cmt. e (1977).

Section 13–20–602 provides that in every action for damages based upon the alleged professional negligence of a licensed professional, the plaintiff's attorney shall file with the court a certificate of review for each licensed professional named as a party. Section 13–20–602(3)(a)(II), C.R.S.2001, states that the certificate of review shall declare that:

> [T]he professional who has been consulted ... has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct and, based on the review of such facts, has concluded that the filing of the claim ... does not lack substantial justification within the meaning of section 13–17–102(4).

The trial court may order that the identity of the professional consulted be disclosed and that the contents of the certificate of review be verified. Section 13–20–602(3)(b), C.R.S. 2001.

Here, on plaintiff's motion in the malpractice action, the trial court ordered that the client disclose the identity of the professional consulted and that the professional verify, through a written statement filed with the court, the contents of the certificate of review. In compliance with that order, defendant Cosgrove filed the "Statement of Review" that forms the basis of plaintiff's claims against defendants.

The "Statement of Review" was prepared by Cosgrove at the trial court's direction and was filed with the court. As such, it was offered in the course of, and directly related to, a judicial proceeding, and Cosgrove was performing an act essential and integral to part of the judicial process. Thus, he is entitled to immunity from civil liability. Consequently, we hold that the doctrine of absolute immunity was applicable to the "Statement of Review" prepared by Cosgrove. *See Hoffler v. Colorado Department of Corrections,* 27 P.3d 371 (Colo.2001); *Dalton v. Miller, supra,* 984 P.2d at 668–69.

Plaintiff's assertion that Cosgrove did not undertake a proper review prior to issuing his "Statement of Review" is not sufficient to preclude Cosgrove's immunity. A contrary result would impinge upon a litigant's ability

to pursue malpractice actions against a licensed professional. An expert would be hesitant to provide consultation for a certificate of review if he or she would be subject to retaliatory lawsuits from litigants who disagree with the methods used by an expert in formulating his or her opinion. *See Dalton v. Miller, supra,* 984 P.2d at 668–69; *Awai v. Kotin, supra,* 872 P.2d at 1336 (collecting cases where court-appointed therapists have been afforded immunity for their evaluations and recommendations).

The judgment is affirmed.

Judge MARQUEZ and Justice ERICKSON concur.

