25CA0269 Christiansen v Caplan 02-19-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0269
Routt County District Court No. 24CV8
Honorable Michael A. O'Hara III, Judge

Beau Christiansen,

Plaintiff-Appellant,

v.

Heather Caplan,

Defendant-Appellee.

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE SULLIVAN
Fox and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 19, 2026

Beau Christiansen, Pro Se

Montgomery Little & Soran, PC, Jason C. Kennedy, Denver, Colorado, for
Defendant-Appellee

¶ 1    Plaintiff, Beau Christiansen, appeals the district court's order granting the special motion to dismiss filed by defendant, Heather Caplan, under Colorado's anti-SLAPP[1] statute, section 13-20-1101, C.R.S. 2025. We affirm the court's order and remand the case with directions.

## I.    Background

¶ 2    Caplan's daughter, Kassidy Christiansen, petitioned to dissolve her marriage to Christiansen in 2022. After she filed the dissolution petition, Christiansen sued her for defamation. The district court dismissed that complaint with prejudice after Christiansen failed to (1) prosecute the case; (2) comply with mandatory disclosure requirements; and (3) appear at two hearings without explanation. Christiansen appealed, and a division of this court dismissed the appeal because he failed to file an opening brief. *Christiansen v. Christiansen*, (Colo. App. No. 24CA0573, Aug. 14, 2024) (unpublished order).

---

[1] "SLAPP" stands for "strategic lawsuit against public participation." *Coomer v. Salem Media of Colo., Inc.*, 2025 COA 2, ¶ 3 n.1 (quoting *Salazar v. Pub. Tr. Inst.*, 2022 COA 109M, ¶ 1 n.1).

¶ 3    Christiansen then asserted similar defamation claims in this case against his ex-wife's mother, Caplan.[2]  After Caplan filed a special motion to dismiss Christiansen's complaint under the anti-SLAPP statute, the district court granted Christiansen leave to amend his complaint, which he did.  Christiansen's amended complaint alleged that Caplan defamed him when she (1) emailed the district attorney, claiming Christiansen had stalked and harassed her daughter, among other things; and (2) made similar statements about his behavior to two parental responsibility evaluators (PREs) during the divorce proceedings.

¶ 4    Caplan again filed a special motion to dismiss, asserting the amended complaint continued to suffer the same defects as the original complaint.  This time, the court granted Caplan's motion and dismissed the amended complaint with prejudice "for the reasons stated" in the motion.  The court explained that Christiansen "failed to allege an adequate factual basis for his

---

[2] The same day that Christiansen filed his complaint in this case, he filed yet another complaint against his ex-wife, which the district court also dismissed.  Christiansen has separately appealed the dismissal in that case in Court of Appeals Case No. 25CA0270.

claims" and "fail[ed] to state a claim upon which relief could be granted."

## II.    Discussion

¶ 5    Christiansen raises several contentions on appeal to seek reversal of the district court's dismissal order.  We address and reject each in turn.

### A.    Motion to Dismiss

¶ 6    Christiansen contends that the district court erred by granting Caplan's special motion to dismiss because (1) his amended complaint met both C.R.C.P. 8(a)'s requirement of a "short and plain statement" of the claim and the elements for a defamation claim, and (2) the court should have ordered him to provide a more definite statement rather than dismissing his amended complaint. For her part, Caplan asserts that Christiansen doesn't attempt to

rebut the district court's reasons for dismissal. We agree with Caplan.[3]

### 1. Applicable Law and Standard of Review

¶ 7     One of the anti-SLAPP statute's purposes is to "encourage continued participation in matters of public significance" and avoid chilling such participation through "abuse of the judicial process." § 13-20-1101(1)(a). To advance this goal, the statute authorizes a party to file a "special motion to dismiss" a cause of action "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States constitution or the state constitution in connection with a public issue." § 13-20-1101(3)(a).

¶ 8     As relevant here, the statute defines such an act as "[a]ny written or oral statement or writing made before a legislative, executive, or judicial proceeding or any other official proceeding

---

[3] We don't consider Caplan's citations in her answer brief to unpublished decisions by divisions of this court. This court's policy prohibits citations to our opinions that aren't selected for official publication, with exceptions not applicable here. *See* Colo. Jud. Branch, *Court of Appeals Policies, Policy Concerning Citation of Opinions Not Selected for Official Publication* (2026), https://perma.cc/5AZZ-KSWL.

authorized by law." § 13-20-1101(2)(a)(I). This provision encompasses communications that are preparatory to or in anticipation of commencing official proceedings, including statements meant to prompt action by law enforcement agencies. *See L.S.S. v. S.A.P.*, 2022 COA 123, ¶¶ 20, 28 (summarizing identical provision in California's anti-SLAPP law and explaining Colorado courts draw on California case law for guidance because Colorado's anti-SLAPP statute closely resembles California's).

¶ 9 Courts evaluate a special motion to dismiss under a two-step framework. First, the movant shoulders "the burden to show that the conduct underlying the plaintiff's claim falls within the statute." *Lind-Barnett v. Tender Care Veterinary Ctr., Inc.*, 2025 CO 62, ¶ 2. Second, if the movant makes this showing, the burden shifts "to the plaintiff to demonstrate a 'reasonable likelihood that the plaintiff will prevail on the claim.'" *Id.* (quoting *Rosenblum v. Budd*, 2023 COA 72, ¶ 24).

¶ 10 A private individual's report of possible criminal conduct to law enforcement authorities is protected from a later defamation claim by a qualified privilege. *Lawson v. Stow*, 2014 COA 26, ¶ 21; *L.S.S.*, ¶ 36. Under the qualified privilege, the defamed party is

subject to certain heightened burdens of proof: (1) the defamed party must prove that the statement was false by clear and convincing evidence, rather than a mere preponderance; (2) the defamed party must prove that the speaker published the statements with actual malice — that is, with actual knowledge that the statement was false or with reckless disregard for whether the statement was true — by clear and convincing evidence; and (3) the defamed party must establish actual damages, even if the statement is defamatory per se. *Lawson*, ¶ 18; *L.S.S.*, ¶ 36.

¶ 11     Similarly, a person's statements that are "intimately related and essential to the judicial decision-making process" enjoy absolute privilege from a later tort claim. *Merrick v. Burns, Wall, Smith & Mueller, P.C.*, 43 P.3d 712, 714 (Colo. App. 2001); *see also Hushen v. Gonzales*, 2025 CO 37, ¶ 20 n.7 (distinguishing between absolute immunity and absolute privilege and explaining that the latter "protects statements made by participants in a quasi-judicial proceeding — decisionmakers, witnesses, and the like — from use in a subsequent tort suit"). This is true even if the statements "are false or defamatory and made with knowledge of their falsity." *Dep't*

*of Admin. v. State Pers. Bd.*, 703 P.2d 595, 597-98 (Colo. App. 1985) (citing Restatement (Second) of Torts §§ 587-88 (A.L.I. 1977)).

¶ 12    We review a district court's ruling on a special motion to dismiss de novo.  *Coomer v. Salem Media of Colo., Inc.*, 2025 COA 2, ¶ 16.

## 2.    Analysis

¶ 13    The district court dismissed Christiansen's amended complaint "for the reasons stated" in Caplan's special motion to dismiss.  On appeal, however, Christiansen doesn't challenge any of the reasons for dismissal advanced in Caplan's motion.  Those reasons included absolute privilege, qualified privilege, and failure to state a claim for defamation.  Instead, Christiansen argues only that he complied with C.R.C.P. 8(a) and asserts that the district court should have instructed him to amend his complaint a second time.  We could affirm based solely on Christiansen's failure to challenge the district court's reasons for dismissal.  *See IBC Denv. II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 717-18 (Colo. App. 2008) (when a lower tribunal gives more than one reason for a decision, an appellant must challenge each of those reasons on appeal).

¶ 14    But even if we looked to the merits of Caplan's arguments

supporting dismissal, we would find no error because Christiansen

didn't carry his burden under the anti-SLAPP statute.

¶ 15    Under the first step of anti-SLAPP analysis, Caplan's

statements were made either (1) to prompt action by law

enforcement (the emails to the district attorney) or (2) as part of a

judicial proceeding (the statements to the PREs).  So they fall within

the anti-SLAPP statute.  *See* § 13-20-1101(2)(a)(I); *Lind-Barnett,* ¶ 2.

¶ 16    Under the second step, Christiansen bore the burden of

establishing a reasonable likelihood of prevailing on the merits.  *See*

*L.S.S.,* ¶¶ 22-23.  But Christiansen didn't satisfy this burden.

¶ 17    As to Caplan's emails to the district attorney, those statements

comprised a private individual's report to law enforcement of

suspected criminal activity.  As a result, Caplan's emails were

protected by the qualified privilege.  *See Lawson,* ¶ 21.

¶ 18    "A qualified privilege creates a presumption that the alleged

defamatory communication was made in good faith and without

malice."  *Williams v. Boyle,* 72 P.3d 392, 401 (Colo. App. 2003).  To

rebut that presumption, Christiansen had to "establish a

probability that [he] w[ould] be able to produce clear and convincing

evidence of actual malice at trial." *L.S.S.*, ¶ 41.  But Christiansen

submitted no evidence with his response to Caplan's special motion

to dismiss, let alone evidence that might have overcome the

presumption that Caplan made her report to the district attorney in

good faith.  Instead, Christiansen stood on the unsworn allegations

in his amended complaint.[4]  Under these circumstances, we

conclude Christiansen failed to carry his burden.  *See Coomer v.

Donald J. Trump for President, Inc.*, 2024 COA 35, ¶ 68 (to defeat an

anti-SLAPP motion, the plaintiff must generally present evidence

establishing a reasonable likelihood of success, not mere

allegations); *cf. L.S.S.*, ¶ 47 (concluding father met his burden when

he submitted affidavits stating he never abused his child, along

with other evidence of actual malice by mother).

---

[4] We recognize that Christiansen attempted to verify his amended complaint "[u]pon oath and affirmation."  *See People v. Anderson*, 828 P.2d 228, 231 (Colo. 1992) (explaining a court may treat a verified pleading as an affidavit "if the document otherwise meets the legal requirements of an affidavit").  But the verification wasn't witnessed by a notary public or other authorized officer, so the district court couldn't treat the amended complaint as the equivalent of an affidavit.  *See* C.R.C.P. 108.  Nor did Christiansen sign the verification "under penalty of perjury" as required for unsworn declarations.  §§ 13-27-102(7), 13-27-106, C.R.S. 2025.  As a result, Christiansen's allegations in the amended complaint remained just that — allegations.

¶ 19 And as to Caplan's statements to the PREs, Christiansen's own amended complaint acknowledged that Caplan made her statements within the context of an ongoing divorce proceeding. *See* § 14-10-127(1)(a)(I)(A), C.R.S. 2025 (explaining the purpose of a parental responsibilities evaluation is "to assist [the court] in determining the best interests of the child"). Thus, Caplan's statements to the PREs were absolutely privileged, even if they were false. *See Hushen*, ¶ 20 n.7; *Merrick*, 43 P.3d at 714; *Dep't of Admin.*, 703 P.2d at 597-98.

¶ 20 For three reasons, we aren't convinced otherwise by Christiansen's argument that Caplan should have filed, and the district court should have granted, a motion for a more definite statement before dismissing his claims. *See* C.R.C.P. 12(e). First, Christiansen didn't make this argument in the district court. *See Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*, 2012 CO 61, ¶ 18 ("[I]ssues not raised in or decided by a lower court will not be addressed for the first time on appeal.").

¶ 21 Second, the district court enjoys considerable discretion in deciding whether to require a more definite statement. *Sheldon v. Schmidt*, 351 P.2d 288, 289-90 (Colo. 1960). Here, the court had

already afforded Christiansen an opportunity to cure his complaint's defects through an amended pleading.  *See* C.R.C.P. 15(a).  Given this, we perceive no abuse of discretion in the court's decision declining to give Christiansen yet another opportunity to remedy his complaint.

¶ 22     Third, the legal standard that Christiansen leans on — that a complaint shouldn't be dismissed unless the plaintiff can prove "no set of facts" in support of his claims — has since been displaced by a plausibility standard.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-63 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also Warne v. Hall*, 2016 CO 50, ¶ 24 (adopting in Colorado the federal pleading standard announced in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

¶ 23     Accordingly, the district court didn't err by dismissing the amended complaint.

## B.     Dismissal with Prejudice

¶ 24     Christiansen contends that the district court erred by dismissing his amended complaint with prejudice.  But as a division of this court has recognized, dismissal with prejudice is the exact relief contemplated by the anti-SLAPP statute.  *See Salazar v.*

*Pub. Tr. Inst.*, 2022 COA 109M, ¶ 18 (in assessing a special motion to dismiss, the question is "whether the case should be dismissed with prejudice"). Accordingly, we discern no error in the district court's decision dismissing the amended complaint with prejudice.

## C. Explanation of Dismissal

¶ 25 Christiansen's opening brief contains a header stating that the district court erred by "failing to adequately explain its decision" in granting the special motion to dismiss. That section of his brief, however, contains only short statements regarding preservation and the standard of review. The discussion section is left blank. Because we don't address undeveloped arguments, we don't address this contention. *See People v. Liggett*, 2021 COA 51, ¶ 53, *aff'd*, 2023 CO 22; *see also* C.A.R. 28(a)(7)(B) (requiring the opening brief to set forth "a clear and concise discussion of the grounds upon which the [appellant] relies in seeking a reversal . . . with citations to the authorities and parts of the record on which the appellant relies").

## D. Bias

¶ 26 Christiansen contends that the district court judge exhibited bias against him. But he doesn't identify any record support

showing that he sought the judge's recusal due to this alleged bias. *See In re Marriage of Zebedee*, 778 P.2d 694, 699 (Colo. App. 1988) (declining to address allegations of judicial bias not raised in a C.R.C.P. 97 motion for change of judge). Because we don't address issues raised for the first time on appeal, we decline to address this contention. *See Melat*, ¶ 18.

¶ 27 We also decline Christiansen's invitation to exercise our discretion to review this unpreserved claim. *See Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1008 (Colo. 2008) (appellate courts have the discretion to notice any error appearing of record). Other than citing *Robinson*'s discretionary rule, Christiansen offers no justification for deviating from the normal rule that appellate courts don't address issues raised for the first time on appeal.

E. The District Court's Attorney Fees Award

¶ 28 Christiansen also contends that the district court committed multiple errors by awarding Caplan attorney fees after he had already filed his notice of appeal. But Christiansen didn't separately appeal the court's fees award, and a division of this court has already dismissed the portion of his appeal that attempted to belatedly challenge the award. *Christiansen v. Caplan*, (Colo. App.

13

No. 25CA0269, Sep. 19, 2025) (unpublished order).  Accordingly, we don't address Christiansen's arguments challenging the district court's fees award.

## III.   Appellate Attorney Fees and Costs

¶ 29    Caplan requests her reasonable attorney fees and costs incurred on appeal.  "[A] prevailing defendant on a special motion to dismiss is entitled to recover the defendant's attorney fees and costs." § 13-20-1101(4)(a).  Because Caplan has prevailed on appeal, we grant her request.  *See Creekside Endodontics, LLC v. Sullivan*, 2022 COA 145, ¶ 54.

¶ 30    Exercising our discretion under C.A.R. 39.1, we remand the case to the district court to determine the amount of her reasonable appellate attorney fees and costs.

## IV.   Disposition

¶ 31    We affirm the district court's order granting Caplan's special motion to dismiss and remand the case to the district court to determine the amount of Caplan's reasonable appellate attorney fees and costs.

JUDGE FOX and JUDGE KUHN concur.