25CA0270 Christiansen v Christiansen 03-26-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0270
Routt County District Court No. 24CV9
Honorable Michael A. O'Hara III, Judge

Beau Christiansen,

Plaintiff-Appellant,

v.

Kassidy Christiansen,

Defendant-Appellee.

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE SULLIVAN
Fox and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 26, 2026

Beau Christiansen, Pro Se

Montgomery Little & Soran, PC, Jason C. Kennedy, Denver, Colorado, for
Defendant-Appellee

¶ 1      Plaintiff, Beau Christiansen, appeals the district court's order granting the special motion to dismiss filed by defendant, Kassidy Christiansen, under Colorado's anti-SLAPP[1] statute, section 13-20-1101, C.R.S. 2025. We affirm the court's order and remand the case with directions.

## I.     Background

¶ 2      Beau and Kassidy were married for seventeen years and had two children together.[2] Kassidy petitioned to dissolve their marriage in 2022. After she filed the dissolution petition, Beau sued her for defamation. The district court dismissed the complaint with prejudice after Beau failed to (1) prosecute the case; (2) comply with mandatory disclosure requirements; and (3) appear at two hearings without explanation. Beau appealed, and a division of this court dismissed the appeal because he failed to file an opening brief. *Christiansen v. Christiansen*, (Colo. App. No. 24CA0573, Aug. 14, 2024) (unpublished order) (*Christiansen I*).

---

[1] "SLAPP" stands for "strategic lawsuit against public participation." *Coomer v. Salem Media of Colo., Inc.*, 2025 COA 2, ¶ 3 n.1 (quoting *Salazar v. Pub. Tr. Inst.*, 2022 COA 109M, ¶ 1 n.1).
[2] Because the parties share the same last name, we refer to them by their first names to avoid confusion. We mean no disrespect by doing so.

¶ 3    Beau then filed a separate complaint for defamation against Kassidy's mother, which the district court also dismissed. Beau separately appealed that dismissal order and we affirmed. *Christiansen v. Caplan*, (Colo. App. No. 25CA0269, Feb. 19, 2026) (not published pursuant to C.A.R. 35(e)) (*Christiansen II*).

¶ 4    The same day that Beau filed his complaint against Kassidy's mother, he brought yet another defamation action against Kassidy — in this case — asserting additional defamatory acts beyond those alleged in his earlier complaint against Kassidy. Kassidy filed a special motion to dismiss under the anti-SLAPP statute, which the district court initially granted. The next day, however, the court set aside its order granting Kassidy's motion after it realized Beau had filed his response in the "virtually identical" case against Kassidy's mother. The court later granted Beau leave to amend his complaint, which he did. In granting leave, the court informed Beau that he was now "on notice regarding the defects in his [c]omplaint" and that he risked "having th[e] case dismissed" if he failed to address those defects.

¶ 5    Beau's amended complaint alleged that Kassidy defamed him when she made statements to

2

- the Kaysville Police Department in Utah and the Routt County Sheriff's Office in Colorado, accusing Beau of threatening and stalking her, trespassing, child abuse, assault, and kidnapping;

- the Routt County Department of Human Services, accusing Beau of abusing drugs and alcohol, attempting to break into their marital property, and fleeing to Costa Rica; and

- two parental responsibility evaluators (PREs) in the parties' divorce case, accusing Beau of domestic violence, stalking and threatening her, abusing drugs, and infidelity.

¶ 6 Kassidy again filed a special motion to dismiss, asserting the amended complaint continued to suffer the same defects as the original complaint. This time, the court granted Kassidy's motion and dismissed the amended complaint with prejudice "for the reasons stated" in the motion. The court explained that Beau "failed to allege an adequate factual basis for his claims" and "fail[ed] to state a claim upon which relief could be granted."

## II.    Discussion

¶ 7    Beau raises several contentions on appeal seeking reversal of the district court's dismissal order.  Most of Beau's arguments are identical to the arguments that we considered and rejected in *Christiansen II*.  As we did in that appeal, we reject each of Beau's contentions and affirm the dismissal order.

### A.    Motion to Dismiss

¶ 8    Beau contends that the district court erred by granting Kassidy's special motion to dismiss because (1) his amended complaint met both C.R.C.P. 8(a)'s requirement of a "short and plain statement" of the claim and the elements for a defamation claim, and (2) the court should have ordered him to provide a more definite statement rather than dismissing his amended complaint. For her part, Kassidy asserts that Beau doesn't attempt to rebut the district court's reasons for dismissal.  We agree with Kassidy.[3]

---

[3] We don't consider Kassidy's citations in her answer brief to unpublished decisions by divisions of this court.  This court's policy prohibits citations to our opinions that aren't selected for official publication, with exceptions not applicable here.  *See* Colo. Jud. Branch, *Court of Appeals Policies, Policy Concerning Citation of Opinions Not Selected for Official Publication* (2026), https://perma.cc/5AZZ-KSWL.

### 1. Applicable Law and Standard of Review

¶ 9    One of the anti-SLAPP statute's purposes is to "encourage continued participation in matters of public significance" and avoid chilling such participation through "abuse of the judicial process." § 13-20-1101(1)(a). To advance this goal, the statute authorizes a party to file a "special motion to dismiss" a cause of action "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States constitution or the state constitution in connection with a public issue." § 13-20-1101(3)(a).

¶ 10    As relevant here, the statute defines such an act as "[a]ny written or oral statement or writing made before a legislative, executive, or judicial proceeding or any other official proceeding authorized by law." § 13-20-1101(2)(a)(I). This provision encompasses communications that are preparatory to or in anticipation of commencing official proceedings, including statements meant to prompt action by law enforcement or child welfare agencies. *See L.S.S. v. S.A.P.*, 2022 COA 123, ¶¶ 20, 28 (summarizing identical provision in California's anti-SLAPP law and explaining that Colorado courts draw on California case law for

guidance because Colorado's anti-SLAPP statute closely resembles California's).

¶ 11    Courts evaluate a special motion to dismiss under a two-step framework. First, the movant shoulders "the burden to show that the conduct underlying the plaintiff's claim falls within the statute." *Lind-Barnett v. Tender Care Veterinary Ctr., Inc.*, 2025 CO 62, ¶ 2. Second, if the movant makes this showing, the burden shifts "to the plaintiff to demonstrate a 'reasonable likelihood that the plaintiff will prevail on the claim.'" *Id.* (quoting *Rosenblum v. Budd*, 2023 COA 72, ¶ 24).

¶ 12    A private individual's report of possible criminal conduct to law enforcement authorities is protected from a later defamation claim by a qualified privilege. *Lawson v. Stow*, 2014 COA 26, ¶ 21; *L.S.S.*, ¶ 38. Statements alleging child abuse are similarly subject to a qualified privilege. *See Lawson*, ¶¶ 23-24; *L.S.S.*, ¶¶ 38, 51.

¶ 13    Under the qualified privilege, the defamed party is subject to certain heightened requirements: (1) the defamed party must prove that the statement was false by clear and convincing evidence, rather than a mere preponderance; (2) the defamed party must prove that the speaker published the statements with actual

malice — that is, with actual knowledge that the statement was false or with reckless disregard for whether the statement was true — by clear and convincing evidence; and (3) the defamed party must establish actual damages, even if the statement is defamatory per se. *Lawson*, ¶ 18; *L.S.S.*, ¶ 36.

¶ 14 Similarly, a person's statements that are "intimately related and essential to the judicial decision-making process" enjoy absolute privilege from a later tort claim. *Merrick v. Burns, Wall, Smith & Mueller, P.C.*, 43 P.3d 712, 714 (Colo. App. 2001); *see also Hushen v. Gonzales*, 2025 CO 37, ¶ 20 n.7 (distinguishing between absolute immunity and absolute privilege and explaining that the latter "protects statements made by participants in a quasi-judicial proceeding — decisionmakers, witnesses, and the like — from use in a subsequent tort suit"). This is true even if the statements "are false or defamatory and made with knowledge of their falsity." *Dep't of Admin. v. State Pers. Bd.*, 703 P.2d 595, 597-98 (Colo. App. 1985) (citing Restatement (Second) of Torts §§ 587-88 (A.L.I. 1977)).

¶ 15 We review a district court's ruling on a special motion to dismiss de novo. *Coomer v. Salem Media of Colo., Inc.*, 2025 COA 2, ¶ 16.

## 2. Analysis

¶ 16     Given the significant overlap between Beau's contentions in this appeal and *Christiansen II*, our analysis follows the same path set forth in that opinion. *See Christiansen II*, ¶¶ 13-30.

¶ 17     The district court dismissed Beau's amended complaint "for the reasons stated" in Kassidy's special motion to dismiss. On appeal, however, Beau doesn't challenge any of the reasons for dismissal advanced in Kassidy's motion. Those reasons included absolute privilege, qualified privilege, and failure to state a claim for defamation. Instead, Beau argues only that he complied with C.R.C.P. 8(a) and asserts that the district court should have instructed him to amend his complaint a second time. We could affirm based solely on Beau's failure to challenge the district court's reasons for dismissal. *See IBC Denv. II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 717-18 (Colo. App. 2008) (when a lower tribunal gives more than one reason for a decision, an appellant must challenge each of those reasons on appeal).

¶ 18     But even if we looked to the merits of Kassidy's arguments supporting dismissal, we would find no error because Beau didn't carry his burden under the anti-SLAPP statute.

¶ 19 Under the first step of anti-SLAPP analysis, Kassidy's statements were made either (1) to prompt action by law enforcement or a child welfare agency (the statements to the police department, sheriff's office, and human services department) or (2) as part of a judicial proceeding (the statements to the PREs). So they fall within the anti-SLAPP statute. *See* § 13-20-1101(2)(a)(I); *Lind-Barnett*, ¶ 2.

¶ 20 Under the second step, Beau bore the burden of establishing a reasonable likelihood of prevailing on the merits. *See L.S.S.*, ¶¶ 22-23. But Beau didn't satisfy this burden.

¶ 21 As to Kassidy's statements to the police department and sheriff's office, those statements comprised a private individual's report to law enforcement of suspected criminal activity. As a result, those statements were protected by the qualified privilege. *See Lawson*, ¶ 21. Similarly, Kassidy's statements to the human services department were made to raise concerns about Beau's alleged drug and alcohol use, which could endanger their children when in Beau's care.[4] Because a county department of human

---

[4] Beau initially alleged that Kassidy made these statements to "Child Protective Services."

services is authorized to investigate reports of potential child abuse or neglect, *see Ansel v. State Dep't of Hum. Servs.*, 2020 COA 172M, ¶ 14, those statements were also protected by the qualified privilege. *See Lawson,* ¶¶ 23-24.

¶ 22 "A qualified privilege creates a presumption that the alleged defamatory communication was made in good faith and without malice." *Williams v. Boyle,* 72 P.3d 392, 401 (Colo. App. 2003); *see also* § 19-3-309, C.R.S. 2025 (good faith by any person reporting child abuse "shall be presumed"). To rebut that presumption, Beau had to "establish a probability that [he] w[ould] be able to produce clear and convincing evidence of actual malice at trial." *L.S.S.,* ¶ 41.

¶ 23 But Beau submitted no evidence with his response to Kassidy's special motion to dismiss, let alone evidence that might have overcome the presumption that Kassidy made her reports in good faith. Instead, Beau stood on the unsworn allegations in his

amended complaint.[5]  Under these circumstances, we conclude

Beau failed to carry his burden.  *See Coomer v. Donald J. Trump for

President, Inc.*, 2024 COA 35, ¶ 68 (to defeat an anti-SLAPP motion,

the plaintiff must generally present evidence establishing a

reasonable likelihood of success, not mere allegations); *cf. L.S.S.*,

¶ 47 (concluding father met his burden when he submitted

affidavits stating he never abused his child, along with other

evidence of actual malice by mother).

¶ 24  As to Kassidy's statements to the PREs, Beau's own amended

complaint acknowledged that Kassidy made those statements

within the context of their ongoing divorce proceeding.  *See*

§ 14-10-127(1)(a)(I)(A), C.R.S. 2025 (explaining that the purpose of a

parental responsibilities evaluation is "to assist [the court] in

---

[5] We recognize that Beau attempted to verify his amended complaint "[u]pon oath and affirmation."  *See People v. Anderson*, 828 P.2d 228, 231 (Colo. 1992) (explaining that a court may treat a verified pleading as an affidavit "if the document otherwise meets the legal requirements of an affidavit").  But the verification wasn't witnessed by a notary public or other authorized officer, so the district court couldn't treat the amended complaint as the equivalent of an affidavit.  *See* C.R.C.P. 108.  Nor did Beau sign the verification "under penalty of perjury" as required for unsworn declarations.  §§ 13-27-102(7), 13-27-106, C.R.S. 2025.  As a result, Beau's allegations in the amended complaint remained just that — allegations.

determining the best interests of the child"). Thus, Kassidy's statements to the PREs were absolutely privileged, even if false. *See Hushen,* ¶ 20 n.7; *Merrick,* 43 P.3d at 714; *Dep't of Admin.,* 703 P.2d at 597-98.

¶ 25 For three reasons, we aren't convinced otherwise by Beau's argument that Kassidy should have filed, and the district court should have granted, a motion for a more definite statement before dismissing his claims. *See* C.R.C.P. 12(e). First, Beau didn't make this argument in the district court. *See Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.,* 2012 CO 61, ¶ 18 ("[I]ssues not raised in or decided by a lower court will not be addressed for the first time on appeal.").

¶ 26 Second, the district court enjoys considerable discretion in deciding whether to require a more definite statement. *Sheldon v. Schmidt,* 351 P.2d 288, 289-90 (Colo. 1960). Here, the court had already afforded Beau an opportunity to cure his complaint's defects through an amended pleading. *See* C.R.C.P. 15(a). Given this, we perceive no abuse of discretion in the court's decision declining to give Beau yet another opportunity to remedy his complaint.

12

¶ 27    Third, the legal standard that Beau leans on — that a complaint shouldn't be dismissed unless the plaintiff can prove "no set of facts" in support of his claims — has since been displaced by a plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-63 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also Warne v. Hall*, 2016 CO 50, ¶ 24 (adopting in Colorado the federal pleading standard announced in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

¶ 28    Accordingly, the district court didn't err by dismissing the amended complaint.

## B.    Dismissal with Prejudice

¶ 29    Beau contends that the district court erred by dismissing his amended complaint with prejudice. But as a division of this court has recognized, dismissal with prejudice is the exact relief contemplated by the anti-SLAPP statute. *See Salazar v. Pub. Tr. Inst.*, 2022 COA 109M, ¶ 18 (in assessing a special motion to dismiss, the question is "whether the case should be dismissed with prejudice"). Accordingly, we discern no error in the district court's decision dismissing the amended complaint with prejudice.

13

## C.    Explanation of Dismissal

¶ 30    Beau's opening brief contains a header stating that the district court erred by "failing to adequately explain its decision" in granting the special motion to dismiss.  That section of his brief, however, contains only short statements regarding preservation and the standard of review.  The discussion section is left blank.

¶ 31    In a separate section, Beau argues that the district court's order dismissing his case "simply referred back to [Kassidy's] pleadings" and gave him "no clarity whatsoever."  But he doesn't cite any authority to support his argument that the court should have given him more clarity or direction.[6]  Because we don't address undeveloped arguments, we don't address this contention.  *See Fisher v. State Farm Mut. Auto. Ins. Co.*, 2015 COA 57, ¶ 18 ("We generally decline to address arguments presented to us in a

---

[6] To the extent Beau argues that the district court should have given him more instruction regarding his amended complaint's deficiencies, we agree with Kassidy that such guidance would have constituted improper advocacy by the court.  *See S. Cross Ranches, LLC v. JBC Agric. Mgmt., LLC*, 2019 COA 58, ¶ 31 ("It is 'inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.'" (quoting *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 406 (6th Cir. 1992))).

conclusory manner that are lacking citations to any supporting authority."), *aff'd*, 2018 CO 39; *see also* C.A.R. 28(a)(7)(B) (requiring the opening brief to set forth "a clear and concise discussion of the grounds upon which the [appellant] relies in seeking a reversal . . . with citations to the authorities and parts of the record on which the appellant relies").

## D. Bias

¶ 32    Beau contends that the district court judge exhibited bias against him.  But he doesn't identify any record support showing that he sought the judge's recusal due to this alleged bias.  *See In re Marriage of Zebedee*, 778 P.2d 694, 699 (Colo. App. 1988) (declining to address allegations of judicial bias not raised in a C.R.C.P. 97 motion for change of judge).  Because we don't address issues raised for the first time on appeal, we decline to address this contention.  *See Melat, ¶* 18.

¶ 33    We also decline Beau's invitation to exercise our discretion to review this unpreserved claim.  *See Robinson v. Colo. State Lottery Div.,* 179 P.3d 998, 1008 (Colo. 2008) (appellate courts have discretion to notice any error appearing of record).  Other than citing *Robinson*'s discretionary rule, Beau offers no justification for

deviating from the normal rule that appellate courts don't address issues raised for the first time on appeal.

### E. The District Court's Attorney Fees Award

¶ 34 Beau also contends that the district court committed multiple errors by awarding Kassidy attorney fees after he had already filed his notice of appeal. But Beau didn't separately appeal the court's fees award, and a division of this court has already dismissed the portion of his appeal that attempted to belatedly challenge the award. *Christiansen v. Christiansen,* (Colo. App. No. 25CA0270, Oct. 1, 2025) (unpublished order). Accordingly, we don't address Beau's arguments challenging the district court's fees award.

### III. Appellate Attorney Fees and Costs

¶ 35 Kassidy requests her reasonable attorney fees and costs incurred on appeal. "[A] prevailing defendant on a special motion to dismiss is entitled to recover the defendant's attorney fees and costs." § 13-20-1101(4)(a). Because Kassidy has prevailed on appeal, we grant her request. *See Creekside Endodontics, LLC v. Sullivan,* 2022 COA 145, ¶ 54.

¶ 36    Exercising our discretion under C.A.R. 39.1, we remand the case to the district court to determine the amount of her reasonable appellate attorney fees and costs.

## IV.    Disposition

¶ 37    We affirm the district court's order granting Kassidy's special motion to dismiss and remand the case to the district court to determine the amount of Kassidy's reasonable appellate attorney fees and costs.

JUDGE FOX and JUDGE KUHN concur.